[Crim. No. 36312. Second Dist., Div. Four. Feb. 29, 1980.]

In re JOHN SOSA on Habeas Corpus.

COUNSEL

John Sosa, in pro. per., for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Shunji Asari, Deputy Attorneys General, for Respondent.

OPINION

**FILES, P.** This proceeding in habeas corpus challenges the decision of the Community Release Board that required petitioner to serve a period of parole although his credit for 2,153 days of presentence custody exceeded his total state prison sentence term calculated under Penal Code section 1170.2, including the period of parole under Penal Code section 3000.

On January 17, 1972, the petitioner was convicted of second degree burglary in Los Angeles Superior Court, case number A 424641. Probation was granted for a 3-year period upon condition that the first 108 days be served in county jail.

On September 11, 1972, petitioner was convicted of another second degree burglary in Los Angeles Superior Court, case number A 430382. Consequently, on September 21, 1972, probation was revoked in A 424641 and, after proceedings pursuant to Welfare and Institutions Code section 3051, petitioner was committed to the custody of the Department of Corrections for confinement at a state narcotic treatment and rehabilitation facility.

In October 1978, petitioner was declared to be unsuited for further treatment at the facility and was returned to the superior court for resumption of criminal proceedings.

Inasmuch as petitioner's offenses were committed prior to July 1, 1977, the effective date of the Indeterminate Sentencing Law, appellant was sentenced under the Indeterminate Sentencing Law which authorized a prison term of one to fifteen years for second degree burglary. (Former Pen. Code, § 461.)

On October 19, 1978, petitioner was sentenced to state prison for the term prescribed by law in each case, the terms to run concurrently, with 2,153 days presentence credit applied to each.

Following petitioner's delivery to the Department of Corrections on October 24, 1978, his term was fixed pursuant to section 1170.2 at two years, which was deemed fully served by application of the 2,153 days credit. He was released from confinement on December 4, 1978, on a one-year period of parole.

Petitioner states that he "did not agree on the one year parole and he absconded from day one. . . ." Parole was suspended on March 7, 1979, effective February 22, 1979. He was arrested on a new burglary charge on August 2, 1979, and detained on a parole hold.

After a formal parole revocation hearing on September 5, 1979, parole was revoked and a release date was set for February 2, 1980. His controlling discharge date was fixed at November 14, 1982, but was

later advanced to November 14, 1980, to conform to the limitation established in *In re Harper* (1979) 96 Cal.App.3d 138 [157 Cal.Rptr. 759].

The statutory provisions controlling the application of presentence credits to felony sentences imposed pursuant to the Indeterminate Sentence Law (ISL) and the determinate sentence law (DSL) are Penal Code sections 1170, 1170.2, 2900.5 and 3000.[1]

Section 2900.5, subdivision (a), provides that in all felony convictions presentence time in custody, including time spent in a rehabilitation facility, shall be credited upon the defendant's "term of imprisonment."

Section 2900.5, subdivision (c),[2] defines "term of imprisonment" as: "...includ[ing] any fine or period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole *and any period of imprisonment and parole*, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency." (Italics added.)

Although section 2900.5 was amended in relevant part during the same 1976 regular session of the Legislature in which the DSL was adopted, neither subdivision (a) nor (c) makes any distinction between DSL and ISL sentences.

Section 1170, which applies to DSL sentences, and section 1170.2, which governs the recomputation of ISL sentences in accordance with DSL standards, are a part of chapter 4.5, title 7, part 2 of the Penal Code, which established a comprehensive scheme to provide "uniformity of sentences" for like offenses (§ 1170, subd. (a)). (Stats. 1976, ch. 1139, § 273.) These sections must be read together as interrelated parts of a comprehensive plan.

Section 1170 explicitly declares that presentence credit applies against both the imprisonment and the parole portion of the sentence.

---

[1]References to code sections hereafter are to the Penal Code.

[2]Penal Code section 2900.5, subdivision (c), in its present form was added by Statutes 1976, chapter 1045, section 2, page 4665. It was amended by Statutes 1978, chapter 304, section 1 to substitute "term of imprisonment" for "sentence."

Subdivision (a)(2) states: "...In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds *any sentence imposed pursuant to this chapter* [chapter 4.5, which includes sections 1170 to 1170.6], the entire sentence, *including any period of parole under Section 3000*, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections." (Italics added.)

The Department of Corrections has taken the position that since no such language appears in section 1170.2, the Legislature did not intend that presentence credit should be applied to reduce parole time for persons sentenced under ISL. That interpretation is in conflict with the unqualified language of sections 2900.5 and 1170. The Legislature's intent to allow presentence credits to reduce time on parole for persons sentenced under ISL is reflected both by the language quoted above and by subdivision (f) of section 1170.2 which states: "In the case of any inmate who committed a felony prior to July 1, 1977, the length, conditions, revocation, and other incidents of parole shall be the same as if the prisoner had been sentenced for an offense committed on or after July 1, 1977."

The Attorney General correctly points out that the parole is intended to assist the reintegration of the offender into society, both for his benefit and for the public safety during the critical period immediately following incarceration (see § 3000, subd. (a)); and to cancel that valuable program as a tradeoff for presentence confinement deprives both the offender and the public of a potentially valuable service. The same observation may be made with respect to many of the consequences of section 2900.5. Nevertheless the Legislature has seen fit to require that credit be given for presentence custody of any nature, as a reduction of postsentence confinement irrespective of the nature or purpose of the latter. That being the purpose and effect of the statutory credit system, it must be applied in the present situation also.

Petitioner was entitled to immediate discharge without a period of parole as soon as practicable after his sentence was determined pursuant to section 1170.2. The original period of parole that commenced December 4, 1978, and all subsequent extensions thereof due to petitioner's purported violations were unauthorized by law.

The writ is granted. The Department of Corrections is directed immediately to discharge petitioner from its custody and supervision.

Pending the finality of this judgment any parole hold and all parole revocation proceedings arising out of the convictions in Los Angeles Superior Court cases numbered A 424641 and A 430382 are stayed.

Kingsley, J., and Jefferson (Bernard), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.