Filed 10/8/15  P. v. Reza CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC EDWARD REZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B260930<br>(Super. Ct. No. 2009044921)<br>(Ventura County) |

Eric Edward Reza appeals the trial court's order resentencing him under Proposition 47 with credit for time served and placing him on one year of supervised parole.  (Pen. Code,[1] § 1170.18.)  Appellant contends the court erred in concluding that his excess custody credits do not apply against his term of parole as contemplated in *In re Sosa* (1980) 102 Cal.App.3d 1002.  We recently

_____

[1] All further undesignated statutory references are to the Penal Code.

concluded otherwise in *People v. McCoy* (2015) 239 Cal.App.4th 431 (*McCoy*) and reach the same conclusion here.[2] Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY

In February 2010, appellant pled no contest to possession of heroin (Health & Saf. Code, § 11350, subd. (a)) and admitted serving a prior prison term (§ 667.5, subd. (b)). The court suspended imposition of sentence and placed him on three years felony probation. In July 2010, the court revoked probation and sentenced appellant to three years in state prison. In October 2011, appellant was released on parole. Parole was subsequently revoked and reinstated in April 2014 and September 2014.

In December 2014, while appellant was still on parole, he was resentenced under Proposition 47. The court redesignated appellant's conviction as a misdemeanor and ordered him to serve 365 days in county jail with credit for time served. Appellant was also placed on supervised parole for one year in accordance with subdivision (b) of section 1170.18. The court rejected appellant's claim that he was entitled to have his excess custody credits applied against his term of parole as contemplated in *In re Sosa* (1980) 102 Cal.App.3d 1002 (*Sosa*). In lieu of a separate written ruling, the court "transfer[red]" the transcript of its ruling on the same issue earlier that day in *People v. Jonathan*

---

[2] The Supreme Court has granted review of our prior case reaching the same conclusion (*People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015), as well as Division Four, District Three's case reaching the opposite conclusion (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015). Appellant's petition for review of *McCoy* is also currently pending.

2

*Hollis Hickman*, Superior Court Case No. 2007017002.**3**

DISCUSSION

Appellant contends the court erred in concluding that *Sosa* credits do not apply against a term of supervised parole imposed under Proposition 47. He claims that "[t]he Penal Code, case law, equal protection, and ex post facto prohibition all dictate that excess "*Sosa*" credits should be deducted from any term of parole." We fully considered and rejected this claim in *McCoy*, and do the same here.

In *McCoy*, we concluded that parole supervision under Proposition 47 is not a "term of imprisonment" as defined in subdivision (c) of section 2900.5. We analogized to *People v. Espinoza* (2014) 226 Cal.App.4th 635, in which we held that *Sosa* credits do not apply against a term of postrelease community supervision (PRCS) imposed under Proposition 36. (*McCoy*, *supra*, 239 Cal.App.4th at p. 435.) We also rejected the claim that Proposition 47 violated equal protection by denying *Sosa* credits to defendants resentenced as misdemeanants while granting such credits to those convicted of violent felonies. We reasoned that "Proposition 47 supervised parole is a rational resentencing scheme designed to rehabilitate eligible drug offenders previously committed to state prison. It does not discriminate against a suspect class. [Citations.] Nor is Proposition 47 supervised parole restricted by the traditional parole rules discussed in *Sosa*. Appellant cites no authority that he has an equal protection

---

**3** As we have noted, our opinion affirming the trial court's ruling in this case is currently under Supreme Court review. We denied the People's request for judicial notice of a partial transcript of the trial court's ruling. On our own motion, we took judicial notice of the complete transcript of the subject hearing, the accompanying reporter's certificate, the brief the People filed in support of their claim that appellant is not entitled to *Sosa* credits, and the minute order of the court's ruling.

right to 'pick and choose' what parts of Proposition 47 he agrees to. [Citations.] (*Id.* at p. 437.)

In his brief, appellant merely refers to section 2900.5 and then reiterates the equal protection argument we rejected in *McCoy*. Although his brief refers to "the ex post facto prohibition," he offers no specific argument or authority to support an ex post facto claim. The point is thus forfeited. (*People v. Earp* (1999) 20 Cal.4th 826, 881.) Appellant's attempt to invoke "fundamental fairness" is also unavailing. He gives us no reason to deviate from *McCoy*, and we decline to do so.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

4

Brian J. Back, Judge

Superior Court County of Ventura
_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.