Filed 2/2/16  P. v. Ming CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON WILLIAM MING,<br><br>    Defendant and Appellant. | 2d Crim. No. B263610<br>(Super. Ct. No. 2012013475)<br>(Ventura County) |

Appellant Jason William Ming appeals from an order recalling his felony sentence, resentencing him to a misdemeanor, and placing him on misdemeanor parole for one year.  The order was entered pursuant to Penal Code, section 1170.18, enacted by Proposition 47.[1]  Appellant contends that the trial court erred by resentencing him as a misdemeanant under subdivision (b) rather than designating his conviction as a misdemeanor under subdivision (f) and, in the alternative, that he is entitled to have the one-year period of misdemeanor parole and his fines and fees reduced by his "excess custody credits" on the felony commitment offense.  We affirm and order correction of a minute order.

---

[1] All statutory references are to the Penal Code.

FACTS AND PROCEDURAL BACKGROUND

Appellant pled guilty to petty theft with a prior (§ 666, subd. (b)) and admitted both a strike and a prison prior allegation (§§ 667, subds. (c)(1), (e)(1), 1170.12, subds. (a)(1), (c)(1), 667.5, subd. (b)).  He was sentenced to prison for two years and eight months followed by a three-year parole term.[2]

After being released from custody and placed on parole, appellant applied to have his felony conviction designated a misdemeanor pursuant to subdivision (f) of section 1170.18.  The trial court found that appellant was ineligible under subdivision (f) because he was on parole and therefore still serving his sentence.  Instead, the trial court resentenced appellant as a misdemeanant under subdivision (b).  It "reduc[ed] the charge . . . , which is presently a 666(b), to a 484 by virtue of the provisions of Proposition 47" and "order[ed] [appellant] to serve 180 days on that sentence," which appellant had already satisfied.

Appellant argued that to the extent the 783 days he had served in prison for his felony conviction exceeded the 180-day misdemeanor term to which he was resentenced, these "excess custody credits" should be deducted from any misdemeanor parole term.  The trial court disagreed, imposing the full one year of misdemeanor parole under subdivision (d).  In addition, it stated that "any excess fines and fee balances in this case are deemed satisfied by his extra credits."

DISCUSSION

*Completion of Appellant's Sentence*

Appellant contends that because he had been released on parole when he applied for Proposition 47 relief, he had "completed his . . . sentence" (§ 1170.18, subd. (f)) and was not subject to misdemeanor parole.  We disagree.  A felony sentence "*include[s]* a period of parole supervision or postrelease community supervision." (§ 3000, subd. (a)(1), italics added.)  At sentencing the trial court must inform the

---

[2] In his opening brief, appellant asserts that he was "placed on Postrelease Community Supervision (PRCS)."  The reporter's transcript reflects that the trial court imposed parole, not PRCS, and that both appellant and defense counsel understood this.

2

defendant that parole is being imposed "*as part of* the sentence after expiration of the term." (§ 1170, subd. (c), italics added.) Appellant's construction of section 1170.18 is untenable.

*Custody Credits to Reduce Misdemeanor Parole*

Appellant alternatively contends that, against the one-year period of misdemeanor parole, he is entitled to "excess custody credits" for the number of days by which his time served in prison exceeded his misdemeanor sentence.[3] Such credits are referred to as "*Sosa* credits." (See *In re Sosa* (1980) 102 Cal.App.3d 1002 [presentence custody credits in excess of a prisoner's term of imprisonment reduce the prisoner's time on parole].)

"[O]ur 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) " '[W]e apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Id.*, at pp. 900-901.)

The language of section 1170.18, subdivision (d), is unambiguous. It provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion . . . releases the person from parole." The phrase, "shall be given credit for time served and shall be subject to parole for one year," indicates that, irrespective of the amount of credit for time served on the felony offense before it was

---

[3] This issue is before the California Supreme Court in *People v. Morales*, No. S228030, review granted Aug. 26, 2015. The Supreme Court has granted review in two cases decided by this court that involve the same issue: *People v. McCoy*, No. S229296, review granted Oct. 14, 2015; and *People v. Hickman*, No. S227964, review granted Aug. 26, 2015.

reduced to a misdemeanor, the petitioner shall be subject to parole for one year. Otherwise, the phrase would read, "shall be given credit for time served and shall be subject to parole for one year unless credit for time served reduces the one-year parole period." Instead, the "unless" clause states, "unless the court, in its discretion . . . releases the person from parole." The statutory language makes clear that the only exception to the one-year parole requirement is if the court releases the person from that requirement. " '[T]he existence of specific exceptions does not imply that others exist. The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others.' [Citation.]" (*In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084; see also *Building Profit Corp. v. Mortgage & Realty Trust* (1995) 36 Cal.App.4th 683, 689 [" 'When a statute contains an exception to a general rule laid down therein, that exception is strictly construed [citation] [and] [o]ther exceptions are necessarily excluded' "].)

If the language of section 1170.18, subdivision (d), were ambiguous, the ambiguity would be cured by the Legislative Analyst's comments in the official ballot pamphlet. The Legislative Analyst informed the voters: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative Analyst, p. 36.) Any voter who read this statement would have assumed that a one-year period of parole is mandatory unless the judge reduces or eliminates it. "The Legislative Analyst's comments, like other materials presented to the voters, 'may be helpful but are not conclusive in determining the probable meaning of initiative language.' [Citation.] Thus, when other statements in the election materials contradict the Legislative Analyst's comments we do not automatically assume that the latter accurately reflects the voters' understanding. [Citation.]" (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 580.) Nothing in the election materials for Proposition 47 contradicts the Legislative Analyst's conclusion that a person resentenced to a misdemeanor "would be required to be on state parole for one

4

year." This is the only statement in the election materials concerning the one-year misdemeanor parole period. (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82 [Legislative Analyst's comment "eliminates doubt" as to correct interpretation of ballot proposition].)

*Equal Protection*

Appellant contends that our interpretation violates equal protection because felony offenders sentenced to state prison who are not eligible for Proposition 47 relief can use *Sosa* credits to reduce their parole term. To establish an equal protection claim, he must show "that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]" (*In re Eric J.* (1979) 25 Cal.3d 522, 530.)

To the extent the two groups are similarly situated, the non-serious, nonviolent offenders eligible to be resentenced under Proposition 47 are treated the same as the serious or violent felony offenders who are ineligible for such relief. Both groups are entitled to *Sosa* credits. There is no unequal treatment.

Once an eligible offender chooses to avail himself of Proposition 47 resentencing, however, he is no longer similarly situated to an offender who cannot have his sentence so reduced. Proposition 47 resentencing is essentially a contractual arrangement. An offender agrees to subject himself to a one-year parole term in exchange for having his felony conviction reclassified as a misdemeanor and, if he files his petition early enough, spending less time in physical custody. The voters agree to accept the risks that early release and reclassification entail in exchange for "sav[ing] significant state corrections dollars on an annual basis." (Prop. 47, § 3, subd. (6).) This agreement benefits both parties. As the *Sosa* court acknowledged, "parole is intended to assist the reintegration of the offender into society, both for his benefit and for the public safety during the critical period immediately following incarceration [citation]; and to cancel that valuable program as a tradeoff for presentence confinement deprives both the offender and the public of a potentially valuable service." (*Sosa*, *supra*, 102 Cal.App.3d at p. 1006.)

5

Moreover, *Sosa* credits arose in the context of the Determinate Sentencing Law, which took effect in 1977. Many offenders who had been serving indeterminate sentences were resentenced to a determinate period of custody and parole that was less than the time they had already spent in custody. Applying *Sosa* credits resulted in their immediate release without any period of parole or other post-release supervision. (See, e.g., *Sosa*.) Given the benefits of post-release supervision and after more than 35 years of hindsight, the voters enacting Proposition 47 rationally imposed one year of parole on offenders who chose to be resentenced to a misdemeanor. "Gaps in time and context may suggest a change in policy rather than differential treatment." (*EJS Properties, LLC v. City of Toledo* (6th Cir. 2012) 698 F.3d 845, 866.)

*Custody Credits to Reduce Fines and Fees*

Appellant contends that he is entitled to have his excess days in custody "credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed." (§ 2900.5, subd. (a).) In fact, the trial court granted this relief when it ordered that "any excess fines and fee balances in this case are deemed satisfied by his extra credits." Respondent concedes that the relief "may be partly justified" but asserts that custody credits cannot be used to reduce restitution fines.

As respondent acknowledges, before 2014 the Penal Code provided that excess days in custody may be "credited to any fine on a proportional basis, including, but not limited to, base fines *and restitution fines*." (Former § 2900.5, subd. (a), italics added.) Appellant committed his offense in 2012, when he was entitled to use his excess custody credits to offset restitution fines. He cannot be prohibited from doing so based on subsequent changes to the law because "the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause." (*People v. Souza* (2012) 54 Cal.4th 90, 143; see *People v. Morris* (2015) 242 Cal.App.4th 94, 102-103.)

*Error in February 20, 2015, Minute Order*

In addition, we observe that Proposition 47 does not vest trial courts with jurisdiction to resentence offenders for a different offense. Accordingly, the trial court's

6

statement that it was "reducing the charge . . . , which is presently a [section] 666(b) [petty theft with a prior], to a [section] 484 [petty theft]" is without effect. The February 20, 2015, minute order should be amended to reflect that appellant was convicted under section 666, subdivision (b), rather than section 484, subdivision (a).

DISPOSITION

The clerk of the superior court is directed to modify the abstract of judgment to reflect that appellant's conviction and misdemeanor sentence is for petty theft with a prior under section 666, subdivision (b). The trial court's order recalling appellant's felony sentence, resentencing him to a misdemeanor, and placing him on misdemeanor parole for one year is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


7

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, and Ashley Jones, Deputy Public Defender, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Mary Sanchez and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.