Filed 2/25/16  P. v. Lateano CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINIC LATEANO,<br><br>    Defendant and Appellant. | 2d Crim. No. B265542<br>(Super. Ct. No. 2012036860)<br>(Ventura County) |

Dominic Lateano appeals the trial court's order resentencing him under Proposition 47, the Safe Neighborhoods and Schools Act ("the Act"), and placing him on supervised parole.  (Pen. Code, § 1170.18, subd. (d).)[1]  He contends he is not subject to parole under Proposition 47 because he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a) while he was on postrelease community supervision (PRCS).  In the alternative, he asks for credit against the parole period for time he served on PRCS.  We affirm.

BACKGROUND

In November 2012, Lateano was convicted upon plea of guilty to petty theft with three or more priors.  (§ 666, subd. (a).)  He completed his prison term in November 2013 and was placed on PRCS.  (§ 3451, subd. (a).)  He repeatedly violated the conditions of his PRCS.  From August 2014 to March 2015, he was allowed to participate

---

[1] All statutory references are to the Penal Code.

in re-entry drug court, but the trial court terminated his participation and returned him to PRCS when he absconded.

Lateano filed a petition for resentencing under Proposition 47 in November 2014. He did not appear for the initial hearing on the Proposition 47 petition or for a continued hearing. Lateano did not submit to drug testing or report to the probation department as required by the terms of his PRCS.

On May 21, 2015, the trial court found Lateano violated the terms of PRCS. It sentenced him to 53 days time served. The court also entertained and granted Lateano's motion to reduce his felony conviction to a misdemeanor pursuant to Proposition 47. The court placed Lateano on supervised parole pursuant to section 1170.18, subdivision (d) (Proposition 47 parole). The trial court denied Lateano's request to deduct excess custody credits from the parole period.

DISCUSSION

*Proposition 47 Parole*

Lateano contends he is not subject to Proposition 47 parole because he "completed" his sentence in 2013 when he was released from prison and placed on PRCS. We disagree.

In 2014, the voters enacted Proposition 47, which reclassifies certain crimes from felonies to misdemeanors. A person who is "currently serving a sentence" for a felony offense that would be a misdemeanor under the Act may petition for a recall of sentence and resentencing under the Act. (§ 1170.18, subd. (a).) Upon resentencing, he or she "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court . . . releases the person from parole." (*Id.*, subd. (d).) On the other hand, a person "who has completed his or her sentence" for a felony offense that would have been a misdemeanor under the Act may petition to have the offense reclassified as a misdemeanor and is not subject to Proposition 47 parole. (§ 1170.18, subd. (f).)

Lateano did not complete his sentence when he was released from prison. His "sentence" included his unfinished PRCS term. (§ 3000, subd. (a)(1).) Section 3000,

2

subdivision (a)(1) provides: "A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or [PRCS], unless waived, or as otherwise provided in this article." A felon on PRCS is still serving his or her felony sentence. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.)

Lateano argues that "sentence" as used in the Act cannot include a period of PRCS or parole because section 1170.18, subdivision (d) provides for "parole for one year following completion of his or her sentence." But subdivision (d) does not refer to the felony sentence. It refers to the new misdemeanor sentence. Felony sentences include a period of parole or PRCS. (§ 3000, subd. (a)(1).) Lateano was "currently serving" his felony sentence when he petitioned for relief under Proposition 47 and he is subject to Proposition 47 parole.

Lateano argues that even if he is subject to Proposition 47 parole, his period of parole should be reduced for the time he was on PRCS. If he were correct, he would not be subject to any further supervision. Lateano cites no authority in support of his contention and we reject it.[2]

In the opinion of sentencing experts, "the intent of the initiative is to authorize the one-year period of parole supervision *in addition* to any resentence imposed by the court, and without consideration of any credit that the petitioner may have earned." (Couzens & Bigelow, Prop. 47: The Safe Neighborhoods and Schools Act (Aug. 2015) p. 64.)

Section 15 of the Act provides that its language is to be "broadly construed to accomplish its purposes." One of those purposes is to provide adequate supervision to ensure successful reintegration. The Voter Information Guide assured voters that "[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative Analyst, p. 36.) Lateano is not

---

[2] Lateano argued in the trial court that he is entitled to excess custody credits (*In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006), but he does not raise that issue in his appellate brief.

3

ready to successfully reintegrate without supervision.  His performance on PRCS was "abysmal," as the probation department described it.  He placed himself under a new sentencing scheme when he petitioned for relief under Proposition 47.  He is subject to its one-year parole period regardless of prior time on PRCS.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Ryan Wright, Judge

Superior Court County of Ventura

_____


Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.