Filed 3/4/16  P. v. Moore CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARK DAMON MOORE,<br><br>    Defendant and Appellant. | G051505<br><br>(Super. Ct. No. 10WF0769)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Reversed and remanded with directions.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to Proposition 47, the trial court placed appellant Mark Damon Moore on one year of parole after reducing his felony drug conviction to a misdemeanor. Appellant does not contest the imposition of parole in and of itself, but he does assert the trial court erred in failing to apply his excess custody credits toward his parole period and eligible sentencing fines. We agree. Therefore, we reverse the trial court's order and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKROUND

In 2010, appellant pleaded guilty to felony drug possession and possessing drug paraphernalia, a misdemeanor. (Health & Saf. Code, § 11350, subd. (a); Bus. & Prof. Code, § 4140.) As part of the plea bargain, the trial court dismissed two prior strike allegations and four prior prison term enhancements. (Pen. Code, §§ 667, subds. (d)-(e)(2), 1170.12, subds. (b)-(c)(2), 667.5, subd. (b).)[1] The court also placed appellant on three years' probation subject to various terms and conditions, including that he spend a year in jail or a community-based drug treatment facility.

Four months later, in March 2011, the trial court revoked appellant's probation because he absconded from his drug treatment program. The court sentenced appellant to two years in prison on the felony count, plus a concurrent term of six months for his misdemeanor offense.

Appellant completed his prison sentence and was released on postrelease community supervision (PRCS), a form of parole. In late 2014, while still on PRCS, he filed a petition for resentencing under section 1170.18, which was added to the Penal Code pursuant to Proposition 47. Although the prosecution did not object to resentencing, it did ask that appellant be placed on parole. Appellant opposed further supervision given he had already served his underlying prison sentence. However, after reducing appellant's felony conviction to a misdemeanor and resentencing him to 365

---

[1]    All further statutory references are to the Penal Code.

days in jail, the court placed him on parole for one year. In so doing, the court applied appellant's custody credits toward his misdemeanor sentence but not his parole term.

DISCUSSION

Appellant contends the trial court erred by failing to reduce the length of his parole by his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. We agree.

This is not the first time we have addressed this issue. While this appeal was pending, we held in *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*) that defendants like appellant, who are on PRCS at the time they seek Proposition 47 relief, are still serving their underlying sentence and are therefore subject to parole upon resentencing. However, they are entitled to have their excess custody credits counted toward their parole period.

On August 26, 2015, the California Supreme Court granted review of *Morales* (S228030), as well as *People v. Hickman* (2015) 237 Cal.App.4th 984 (*Hickman*), a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue (S227964). The split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431 (*McCoy*), and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (*Armogeda*). However, the Supreme Court has granted review of both *McCoy* (S229296) and *Armogeda* (S230374).

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issue presented in this appeal. And when it does, its ruling will be dispositive of that issue. In the meantime, we continue to adhere to the position this court exposed in *Morales* and *Armogeda* that defendants who are resentenced under Proposition 47 are entitled to have the length of their parole reduced by their excess custody credits.

3

In arguing otherwise, the Attorney General claims the plain language and intent of Proposition 47 require the imposition of a full year of parole without any reduction for custody credits. However, Proposition 47 states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m).) With these provisions in mind, we turn our attention to the law respecting the allocation of custody credits in criminal cases.

The general rule, as reflected in section 2900.5, subdivision (a), is that defendants are entitled to credit against their "term of imprisonment" for any time spent in custody prior to sentencing. For purposes of this section, "term of imprisonment" includes parole. (§ 2900.5, subd. (c).) Therefore, presentence custody credit also applies against the parole portion of the defendant's sentence. (*In re Ballard* (1981) 115 Cal.App.3d 647; *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005.) In fact, section 1170, subdivision (a)(3) makes clear that a defendant is not required to serve time on parole if his or her "in-custody credits equal the total sentence, including both confinement time and the period of parole."

The drafters of Proposition 47 could easily have included language in the initiative to exempt persons resentenced under its terms from these well-established rules. But rather than do so, they specifically extended to defendants seeking resentencing relief all the rights and remedies to which they would otherwise be entitled. (§ 1170.18, subd. (m).) This includes the right to have presentence credits deducted from any parole period they are ordered to serve at the time of resentencing.

Respondent assails this conclusion on the basis defendants who were originally sentenced to long prison terms, and are thus in the greatest need of parole, will be in the best position to avoid postrelease supervision upon resentencing, due to their accumulated custody credits. However, that is a necessary consequence of our credits

4

system, which recognizes presentence custody is a form of punishment. (*In re Watson* (1977) 19 Cal.3d 646, 651.) Indeed, basic fairness explains why, as reflected in section 2900.5, defendants are entitled to a reduction in their parole if their presentence confinement exceeds the length of their sentence. (*In re Sosa, supra*, 102 Cal.App.3d at p. 1006.)

Appellant is not only entitled to have his parole term shortened in light of his excess custody credits, he is also entitled to have the amount of his eligible fines reduced as well. (§ 2900.5, subd. (a); *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407; *People v. McGarry* (2002) 96 Cal.App.4th 644, 646.) Although respondent argues no reduction is required because appellant agreed to the fines as part of his plea bargain, excess custody credits must be applied toward the defendant's eligible fines irrespective of whether he was convicted "by plea or by verdict." (§ 2900.5, subd. (a).) Therefore, the trial court was remiss in failing to apply appellant's excess custody credits in its original resentencing decision.

## DISPOSITION

The trial court's resentencing order is reversed and the matter is remanded with directions for the court to apply appellant's excess custody credits toward the length of his parole and the amount of his eligible fines.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.


5