Filed 4/7/16  P. v. Stine CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYE STINE,<br><br>    Defendant and Appellant. | 2d Crim. No. B264877<br>(Super. Ct. No. 2012002600)<br>(Ventura County) |

Tye Stine appeals an order recalling his felony sentence, resentencing him to a misdemeanor sentence, and placing him on supervised misdemeanor parole for one year, pursuant to Penal Code section 1170.18, subdivisions (a)-(d).[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On March 22, 2012, Stine pleaded guilty to possession of a controlled substance, methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  He also admitted suffering a 2007 serious felony strike conviction for burglary, and serving a prior prison term.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  The trial court dismissed the felony strike conviction pursuant to section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  It then suspended

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

imposition of sentence and placed Stine on 36 months formal probation with terms and conditions, including 270 days of confinement in county jail.

On September 13, 2012, Stine admitted violating the terms of his probation by using controlled substances, failing to drug-test, and failing to report to his probation officer. The trial court revoked and then reinstated probation with the condition that Stine serve an additional 90 days confinement in county jail.

On January 31, 2013, Stine admitted violating the terms of his probation again by using controlled substances and failing to drug-test, among other violations. The trial court revoked Stine's probation and sentenced him to a prison term of two years four months, including one year for the prior prison term finding. The court imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment, and awarded Stine 272 days of custody credit. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.)

On November 12, 2013, the California Department of Corrections released Stine from prison into the postrelease community supervision program ("PRCS") for a period not to exceed three years. (§ 3450 et seq. ["Postrelease Community Supervision Act of 2011"].) During the ensuing 18 months, Stine frequently violated the terms of his program.

On March 9, 2015, Stine filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor, pursuant to section 1170.18. Stine asserted that he had completed his sentence and was not subject to any misdemeanor parole period according to section 1170.18, subdivision (f). Alternatively, he contended that he was entitled to have any excess custody credits applied against his term of parole as held by *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006. Following a hearing, the trial court redesignated Stine's conviction as a misdemeanor and ordered him to serve one year in county jail with credit for time served. The court

2

also placed Stine on one-year supervised misdemeanor parole effective March 9, 2015, as authorized by section 1170.18, subdivision (d).

Stine appeals and contends that:  1) the trial court erred by not resentencing him pursuant to section 1170.18, subdivision (f), and 2) he is entitled to credit against his one-year misdemeanor parole term for time served in custody and on PRCS, pursuant to section 2900.5, subdivision (c) and *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006.

*DISCUSSION*

Stine argues that the trial court erred when it treated his petition for resentencing as one filed pursuant to section 1170.18, subdivision (a), rather than subdivision (f), because he had completed his sentence when he was released from prison on November 12, 2013.  In other words, Stine asserts that PRCS is not part of his former felony "sentence" for purposes of resentencing pursuant to section 1170.18.

On November 4, 2014, the voters enacted Proposition 47, The Safe Neighborhoods and Schools Act, which became effective the following day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 added section 1170.18 to the Penal Code.  Subdivision (a) of section 1170.18 permits a person who is "*currently serving a sentence* for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing."  (Italics added.)  If the person satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."  (Italics added.)

3

In prior decisions, we have considered and rejected contentions similar to those raised here. (*People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, No. S229296; *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, No. S227964.) We see no reason to depart from the reasoning and conclusions set forth in these opinions, although we recognize there is a contrary view. (*People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, No. S228030.)

Stine was properly resentenced pursuant to section 1170.18, subdivisions (a) and (b) because he had not completed PRCS and, therefore, was "currently serving a sentence" for a qualifying felony conviction. (§ 1170.18, subd. (a) ["A person currently serving a sentence" for a conviction for a qualifying felony may petition for recall of sentence and resentencing].) A period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Proposition 47 did not abrogate the long-standing statutory mandate that a period of parole or PRCS is, with narrow exceptions, a mandatory feature of every sentence resulting in imprisonment in the state prison. (*Nuckles*, at p. 609.)

The trial court also did not err by denying application of Stine's excess credits against his one-year misdemeanor parole period. *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006, generally holds that presentence custody credits in excess of a prisoner's term of imprisonment reduce his time on parole. Here, Stine has more than one year of excess credits; application of *Sosa* would result in no period of supervised parole. Section 1170.18, subdivision (d) expressly states, however, that supervised parole shall be imposed unless the court in its discretion determines otherwise. Thus, Stine is entitled to credit against his new misdemeanor sentence, but not his one-year period of misdemeanor parole. (*People v. Espinoza* (2014) 226 Cal.App.4th 635, 638-639 [PRCS is not a "term of imprisonment" within the meaning of section 2900.5, subdivision (c) and *Sosa*]; Couzens et al., Sentencing California Crimes (The Rutter Group 2015) § 25:6, p. 25-62 [Proposition 47 provides that the trial

4

court on resentencing may order parole supervision "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned"].)

The resentencing order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.


5

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.