Filed 5/9/16  P. v. Simmons CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR SIMMONS,<br><br>    Defendant and Appellant. | 2d Crim. No. B265082<br>(Super. Ct. No. 2011006399)<br>(Ventura County) |

Arthur Simmons purports to appeal the April 27, 2015 order denying his second motion to have his excess custody credits applied against his one-year term of misdemeanor parole. (Pen. Code, § 1170.18, subd. (d)[1])  The motion was made at a parole violation hearing that resulted in an order continuing appellant on parole.  The first motion was made when the trial court resentenced him under Proposition 47 on January 26, 2015.  Appellant did not timely appeal from the resentencing order, and his second motion to have his custody credits applied against his term of parole did not extend the time to appeal that order.  Accordingly, we dismiss the appeal for lack of jurisdiction.

---

[1] All undesignated statutory references are to the Penal Code .

## FACTS AND PROCEDURAL HISTORY

On January 18, 2012, appellant pled guilty to receiving stolen property. (§ 496, subd. (a)) and admitted prior strike and prison term allegations (§§ 665, subd. (b), 667, subds. (c) & (e)(1), 1170.12, subds. (a) & (c)(1).) On April 26, he pled guilty to possessing a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) The court sentenced him to four years in state prison. Appellant was subsequently convicted of petty theft with prior convictions (§ 666) and was sentenced to a consecutive term of eight months in state prison.

On January 8, 2015, appellant petitioned for recall of his sentence in all three cases pursuant to section 1170.18. On January 26, 2015, the trial court granted the petition, reduced all three of appellant's felonies to misdemeanors, and sentenced him to one year in county jail with credit for time served. The court also placed appellant on one- year misdemeanor parole pursuant to subdivision (d) of section 1170.18. In doing so, the court denied appellant's motion to have his excess custody applied against his term of parole, as provided in *In re Sosa* (1980) 102 Cal.App.3d 1002. Appellant did not file a timely notice of appeal from that order.

On April 8, 2015, appellant was arrested on a parole warrant. At the parole hearing on April 27, 2015, appellant once again moved to have his *Sosa* credits applied against his term of parole. The court denied the motion, discharged appellant on the warrant, and ordered him to report to his parole officer with 24 hours of his release. On June 26, 2015, appellant filed a notice of appeal. The notice refers to both the resentencing order entered on January 26, 2015, and the April 27, 2015, order "den[ying] a defense motion for allocation of presentence (*Sosa*) credits."

## DISCUSSION

Appellant contends the trial court erred in denying his motion to have his *Sosa* credits applied against his one-year term of misdemeanor parole. The People respond that appellant's appeal is untimely because he did not timely appeal from the

2

January 26, 2015, order denying his first motion, and that his second motion for such credits at a subsequent parole hearing did not extend the time to appeal. We agree with the People.

The January 26, 2015, order placing appellant on one-year misdemeanor parole and denying his request for *Sosa* credits was a final, appealable order. (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Appellant thus had 60 days to file a notice of appeal from that order. (Cal. Rules of Court, rule 8.308.) He did not file his notice of appeal, however, until June 26, 2015. The appeal is thus untimely.

In his reply brief, appellant asserts that the April 27, 2015 order denying his second motion for *Sosa* credits is a separately appealable order from which he timely appealed. We are not persuaded. Although he labels that order as "a final order in post-warrant parole hearing," he merely challenges that order to the extent it denied his motion for reconsideration of his earlier claim that he was entitled to have his *Sosa* credits to be applied against his term of parole. As the People correctly note, a motion to reconsider a prior final order does not extend the time to appeal the prior order. (See *People v. DeLouize* (2004) 32 Cal.4th 1223, 1232 ["Orders and judgments are deemed final in the superior court, and not subject to reconsideration by that court, to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues"]; see also *People v. Ross* (1962) 206 Cal.App.2d 542, 543 [order denying motion to reconsider prior order denying probation not appealable].) Because appellant's appeal could only be considered timely to the extent it challenges the order denying his motion for reconsideration of the prior order denying *Sosa* credits, the appeal is untimely and we lack jurisdiction to consider it.[2]

---

[2] Even if the appeal were timely, we would affirm. The issue is whether *Sosa* credits apply against a one-year term of misdemeanor parole ordered under subdivision (d) of section 1170.18 and the issue is currently before our Supreme Court in *People v. Morales*, review granted August 26, 2015, No. S228030. The court has also granted review in two previously .published cases decided by this court that involve the same

We dismiss the appeal.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

issue:  *People v. McCoy*, review granted October 14, 2015, No. S229296; and *People v. Hickman*, review granted August 26, 2015, No. S227964.  Unless and until the court rules otherwise, we will continue to conclude that *Sosa* credits do not apply in this context.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.