Filed 6/6/16  P. v. Arnold CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JON CARL ARNOLD,<br><br>    Defendant and Appellant. | 2d Crim. No. B268183<br>(Super. Ct. No. 2013034174)<br>(Ventura County) |

Jon Carl Arnold appeals an order denying him credit against his supervised one-year misdemeanor parole, imposed pursuant to Penal Code section 1170.18, subdivisions (d).[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On May 16, 2014, Arnold pleaded guilty to possession of a controlled substance, heroin.  (Health & Saf. Code, § 11350, subd. (a).)  He also admitted suffering a 1982 serious felony strike conviction for burglary, and serving five prior prison terms.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  The trial court dismissed the felony strike conviction pursuant to section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  It then sentenced Arnold to four years in prison.  The court also imposed a $50

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

laboratory analysis fee, a $150 drug program fee, a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment. (Health & Saf. Code, §§ 11372.5, subd. (a), 11372.7, subd. (a); §§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.) The court awarded Arnold 153 days of presentence custody credit.

On November 5, 2014, Arnold filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor, pursuant to section 1170.18. On December 8, 2014, the trial court redesignated Arnold's conviction as a misdemeanor and ordered him to serve 365 days in county jail with credit for time served. The court also placed Arnold on one-year supervised misdemeanor parole as authorized by section 1170.18, subdivision (d).

On May 1, 2015, the trial court found that Arnold had violated the terms of his parole. The court then ordered him to serve 130 days in county jail. On September 13, 2015, Arnold was arrested pursuant to a warrant. At a hearing held the following day, he contended that he was entitled to have any excess custody credits applied against his term of parole as held by *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005-1006. The court denied Arnold's motion.

Arnold appeals and contends that he is entitled to credit against his one-year misdemeanor parole term for time served in custody pursuant to section 2900.5, subdivision (c) and *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006.

*DISCUSSION*

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of section 1170.18 permits a person who is "currently serving *a sentence* for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing." If the person satisfies the

2

criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  Subdivision (d) provides, "A person who is resentenced . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

The trial court did not err by denying application of Arnold's excess credits against his one-year misdemeanor parole period.  *In re Sosa*, *supra*, 102 Cal.App.3d 1002, 1005-1006, generally holds that presentence custody credits in excess of a prisoner's term of imprisonment reduce his time on parole.  Section 1170.18, subdivision (d) expressly states, however, that supervised parole shall be imposed unless the court in its discretion determines otherwise.  Thus, Arnold is entitled to credit against his new misdemeanor sentence, but not his one-year period of misdemeanor parole.  (*People v. Espinoza* (2014) 226 Cal.App.4th 635, 638 [PRCS is not a "term of imprisonment" within the meaning of section 2900.5, subdivision (c) and *Sosa*]; Couzens et al., Sentencing California Crimes (The Rutter Group 2015) § 25:6, p. 25-62 [Proposition 47 provides that the trial court on resentencing may order parole supervision "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned"].)

In prior decisions, we have considered and rejected a similar contention.  (*People v. McCoy* (2015) 239 Cal.App.4th 431, review granted Oct. 14, 2015, No. S229296; *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted Aug. 26, 2015, No. S227964.)  We see no reason to depart from the reasoning and conclusions set forth in these opinions, although we recognize there is a contrary view.  (*People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted Dec. 9,

2015, No. S230374; *People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, No. S228030.)

The resentencing order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.