Filed 9/7/21  P. v. Duff-Guardado CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DORIAN DREW DEMOURIE DUFF-GUARDADO,<br><br>　　　Defendant and Appellant. | A160850<br><br>(San Mateo County Super. Ct. Nos. 18NF002227A, 18SF013129B) |

Appellant Dorian Drew Demourie Duff-Guardado contends his excess presentence custody credits should apply to eliminate the three-year parole period he is subject to as part of his sentence in Case No. 18NF002227A (Case 227A).[1]  He also contends the parole revocation restitution fine imposed on him in that case should be stricken.  We modify the judgment in Case 227A to apply appellant's excess presentence credits against his parole term

---

[1]    Appellant concurrently appeals his sentence in Case No. 18SF013129B (Case 129B).  In Case 129B, appellant pleaded no contest to discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a)) and street terrorism (*id.* § 186.22, subd. (a)) and admitted a gang enhancement (*id.* § 12022, subd. (a)).  He was sentenced to seven years in state prison and ordered to pay a parole revocation restitution fine.  However, appellant's opening brief raises no issues with his Case 129B sentence.  Accordingly, Case 227A is the only proceeding we address in our analysis.

1

and to strike the parole revocation restitution fine.  As modified, the judgment is affirmed.

<h2 style="text-align:center">FACTUAL AND PROCEDURAL BACKGROUND</h2>

Pursuant to a negotiated agreement, appellant pleaded no contest to aiding a felony after the fact (Pen. Code, § 32).[2]  The trial court sentenced him to two years (730 days) in state prison and awarded him total presentence custody credits of 1,825 days.  He was subject to a three-year parole period (1,095 days) pursuant to section 3000, subdivision (b)(2)(B).  In addition, the court imposed and stayed a $300 parole revocation restitution fine pending successful completion of parole.  Appellant appeals his sentence.

<h2 style="text-align:center">DISCUSSION</h2>

### A.    Parole Period

Appellant contends his excess presentence custody credits should be applied against his three-year parole term.  The People agree, as do we.

It is a "long-established rule that, in the ordinary situation of original sentencing, excess presentence credits can reduce any period of parole." (*People v. Morales* (2016) 63 Cal.4th 399, 405 (*Morales*); see *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005 (*Sosa*).)

Section 1170, subdivision (a)(3), states in relevant part: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other law is equal to or exceeds any sentence imposed pursuant to this chapter, . . . the entire sentence shall be deemed to have been served, except for the remaining period of mandatory supervision, and the defendant shall not be actually delivered to the custody of the secretary or to the custody of the county correctional administrator.  The court shall advise the defendant that they shall serve an applicable period of parole, postrelease community

---

[2]     All further statutory references are to the Penal Code.

supervision, or mandatory supervision, and order the defendant to report to the parole or probation office closest to the defendant's last legal residence, *unless the in-custody credits equal the total sentence, including both confinement time and the period of parole*, postrelease community supervision, or mandatory supervision.  (§ 1170, subd. (a)(3), italics added.)

Section 2900.5, subdivision (a) adds in relevant part: "If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served."  (§ 2900.5, subd. (a).)  " '[T]erm of imprisonment' " includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole *and any period of imprisonment and parole*, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency."  (§ 2900.5, subd. (c), italics added.)

As the Supreme Court summarized in *Morales*, "section 2900.5 states two things relevant here: (1) the person is entitled to credit for time served, and (2) the credit can reduce or eliminate the period of parole."  (*Morales*, *supra*, 63 Cal.4th at p. 406.)

Here, as discussed, appellant was sentenced to two years in state prison (730 days) and subject to a three-year parole term (1,095 days).  There is no disagreement that appellant's 1,825 days of presentence custody credits applied against his two-year prison sentence (§ 1170, subd, (a)(3); *Sosa*, *supra*, 102 Cal.App.3d at pp. 1005–1006), resulting in 1,095 days of excess presentence credits.  Under the authorities referenced above, these 1,095 days of excess presentence credits further apply against the parole portion of

3

appellant's sentence.  (§§ 1170, subd. (a)(3), 2900.5; *Sosa, supra*, 102 Cal.App.3d at p. 1005 [presentence credit applies against parole portion of sentence].)  Accordingly, appellant's 1,095 days of excess presentence credits apply to eliminate his 1,095-day parole term, and he is no longer subject to parole in this case.

### B.     Parole Revocation Restitution Fine

Appellant also contends the $300 parole revocation restitution fine imposed on him pursuant to section 1202.45 should be stricken.  Again, the People agree, as do we.  Under section 1202.45, in "every case where a person is convicted of a crime and his or her sentence includes a period of parole," a court must "assess an additional parole revocation restitution fine" when a restitution fine pursuant to section 1202.4, subdivision (b) is imposed.  (§ 1202.45, subd. (a).)  Given appellant's three-year parole period is eliminated and his sentence no longer includes a period of parole, the parole revocation restitution fine is stricken.  (See *People v. Hannah* (1999) 73 Cal.App.4th 270, 274–275 [concluding it would be inappropriate to impose a section 1202.45 fine when sentence does not include period of parole].)

### DISPOSITION

In Case 227A, appellant's excess presentence credits are to be applied against his parole term, and the $300 parole revocation fine under section 1202.45 is stricken.  As so modified, the judgment is affirmed.  The clerk of the superior court is directed to modify the abstract of judgment to reflect this modification and to forward a copy of the new amended abstract to the Department of Corrections and Rehabilitation.  In Case 129B, the judgment is also affirmed.

4

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A160850/*People v. Duff-Guardado*

5