Filed 10/28/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN HENRY LEWIS,<br><br>    Defendant and Appellant. | D068584<br><br><br>(Super. Ct. No. SCN295180) |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge. Affirmed.

Raymond Mark DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014 the voters enacted Proposition 47, the so-called "Safe Neighborhoods and Schools Act" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*)), which enacted numerous changes to California's statutory scheme, including reclassifying

several crimes to misdemeanors which previously had been designated as felonies or "wobblers" (*id*. at p. 1091) and adding Penal Code,[1] section 1170.18. Under subdivision (a) of section 1170.18, a defendant "currently serving a sentence" for a conviction of a crime previously designated as a felony or a wobbler but which was reclassified as a misdemeanor can petition for relief under Proposition 47 to be resentenced and the court has discretion (subject to certain conditions) to resentence the petitioner to a misdemeanor sentence. (See, generally, *People v. Morales* (2016) 63 Cal.4th 399, 403, (*Morales*).) However, under subdivision (f) of section 1170.18, when a person has "completed his or her sentence" for a conviction of a crime previously designated as a felony or a wobbler but which is now designated as a misdemeanor, a court "shall" (upon application by that person) redesignate that conviction as a misdemeanor conviction.

The different procedures and standards for obtaining the relief made available by section 1170.18 thus depend on whether the petitioner has "completed his or her sentence" (*id*. at subd. (f)), or is "currently serving a sentence" (*id*. at subd. (a)), for a felony that has been recharacterized as a misdemeanor under Proposition 47. The single issue here is a matter of first impression and turns on statutory interpretation: which set of procedures and standards apply to a petitioner who is not currently incarcerated but is

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

still serving a period either of parole or of postrelease community supervision (PRCS[2]) for an offense which otherwise qualifies for resentencing or redesignation under Proposition 47? Appellant John Henry Lewis contends the standards outlined in subdivision (f) of section 1170.18 apply to such a petitioner, and therefore argues the trial court erred when it denied his section 1170.18 petition for relief because it erroneously employed the standards for petitioners who are still "serving" their sentences.

## I

## FACTUAL AND PROCEDURAL CONTEXT

In 2011, Lewis entered a negotiated plea agreement in which he pled guilty to grand theft from a person (§ 487, subd. (c)) and admitted a "prior strike" allegation (§§ 667, subds. (b)-(i), 1170.12) and a "prison prior" allegation (§§ 667.5, subd. (b), 668, 1170.12) in exchange for a dismissal of the balance of the charged offenses and a total stipulated sentence of five years in state prison. The court imposed the stipulated sentence in 2012.

---

2       "PRCS was created by the Legislature in 2011 as an alternative to parole for non-serious, nonviolent felonies. It is similar, but not identical, to parole. A felon who qualifies for PRCS may be subject to supervision for up to three years after his or her release from prison. (§ 3451, subd. (a).) This supervision is conducted by a county agency . . . rather than by the state's Department of Corrections and Rehabilitation. [Citations.] The supervised person may be subject to various sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.)

Lewis originally petitioned for resentencing in November 2014, while still incarcerated in state prison. The People, while agreeing Lewis's offense was an offense which qualified for resentencing, opposed resentencing because the People contended he posed an unreasonable risk of danger to public safety. On April 9, 2015, while that petition was still pending, Lewis was released from prison custody and was placed on PRCS. The court ultimately denied Lewis's first petition because it found he posed unreasonable risk of danger to public safety.

Two weeks after his first petition was denied, Lewis filed the present petition seeking to invoke the remedies provided by section 1170.18, subdivision (f). He asserted his release on PRCS meant he had "completed" his sentence within the meaning of that subdivision, and therefore resentencing under section 1170.18, subdivision (f), was mandatory. The People opposed the petition, arguing Lewis had not completed his sentence within the contemplation of section 1170.18, subdivision (f), because he was still serving his PRCS term,[3] and therefore argued Lewis was ineligible for resentencing under section 1170.18, subdivision (f).

The court ruled that a person serving PRCS is still serving a sentence within the meaning of section 1170.18. Accordingly, the court concluded Lewis's petition was governed by the provisions of section 1170.18, subdivision (a), and denied the petition because its ruling on Lewis's prior petition barred him from relief. This appeal followed.

---

[3] Indeed, noted the prosecution, Lewis was then in custody for violating the terms of his PRCS.

II

THE STATUTORY STRUCTURE

A.  Proposition 47

By enacting Proposition 47, the voters changed certain felony or wobbler drug-related and theft-related offenses to misdemeanors for eligible defendants.  (*Rivera, supra,* 233 Cal.App.4th at p. 109; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)  Specifically, as to criminal offenses, Proposition 47: (1) added sections 459.5, 490.2, and 1170.18 and (2) amended sections 473, 476a, 496 and 666 and Health and Safety Code sections 11350, 11357 and 11377.  (*Lynall*, at p. 1108.)

The dispositive section added by Proposition 47 is section 1170.18, which states in relevant part:

> "(a)  A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .
>
> (b)  Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety . . . .
>
> [¶] . . .
>
> (d)  A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of

5

his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole.  Such person is subject to Section 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody.

(e)  Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence.

(f)  A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

(g)  If the application satisfies the criteria in subdivision (f ), the court shall designate the felony offense or offenses as a misdemeanor.

(h) Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f )."

Thus, under subdivision (a), a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47 may seek resentencing. (§ 1170.18, subd. (a); *Rivera, supra,* 233 Cal.App.4th at p. 1092.)  If the person satisfies the statutory criteria in section 1170.8, subdivision (a), his or her sentence is recalled and he or she shall be " 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' "  (*Rivera,* at p. 1092; § 1170.18, subd. (b).)  However, if the petition is granted and the sentence is recalled, the person must be given credit for time served but shall also be subject to parole under section 3000.08 for one year following completion

6

of his or her sentence unless the court, in its discretion and as part of the resentencing order, release the person from parole. (§1170.18, subd. (d); *Morales, supra,* 63 Cal.4th at pp. 404-405.)

In contrast, under subdivision (f), an eligible person who has "completed his or her sentence" for a felony that has become a misdemeanor under Proposition 47 may apply to have that felony conviction designated as a misdemeanor. (§ 1170.18, subd. (f).) No hearing is required unless requested by the applicant (§ 1170.18, subd. (h)), and if the application satisfies the criteria in subdivision (f), the court "shall" designate the felony offense as a misdemeanor. (§ 1170.18, subd. (g).) There is no provision for any period of parole accompanying the redesignation of the offense as a misdemeanor under subdivision (f), nor does subdivision (f) confer discretion on the court to deny the application based on current dangerousness.

B. Relevant Provisions of PRCS

The 2011 realignment legislation implemented a scheme under which a person released from prison is subject to a period of parole (§ 3000 et seq.) or PRCS (§ 3450 et seq.) (See, *People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.) Lower level offenders are released on PRCS. (§ 3451, subd. (b); *Armogeda*, at p. 434.) PRCS is mandatory rather than discretionary and shall be for a period not exceeding three years. (§ 3451, subd. (a); *People v. Tubbs* (2014) 230 Cal.App.4th 578, 586.) "The supervised person may be subject to various sanctions for violating the conditions of his or her PRCD, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399.)

7

C.  Standard of Review

The interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature (*People v Park* (2014) 56 Cal.4th 782, 796), and the rules of statutory construction are well-established.  We begin with language of the enactment and give the ordinary and plain meaning to the language employed.  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)  Second, the language is construed in the context of the statute as a whole and within the overall statutory scheme to effectuate the voters' intent.  (*Ibid*.)  Construction of a statute that renders some words surplusage should be avoided.  (*People v. Cardwell* (2012) 203 Cal.App.4th 876, 882.)  We should select the interpretation which comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and an interpretation that would lead to absurd results should be avoided.  (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328.)

Where the language is ambiguous, the court will look to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' "  (*Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 900; *People v. Floyd* (2003) 31 Cal.4th 179, 187-188 [ballot pamphlet information is a valuable aid in construing the intent of voters].)  Ultimately, the court's duty is to interpret and apply the language of the initiative "so as to effectuate the electorate's intent." (*Robert L.*, at p. 900.)

8

We afford no deference to the interpretation given to the statute by the lower court, but instead apply de novo review to the interpretation of a statute. (*People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1013.)

III

ANALYSIS

The single issue is whether a person who is on PRCS is a person who is "currently serving a sentence for a conviction," or is a person "who has completed his or her sentence for a conviction," as those terms are employed by section 1170.18. The People, relying primarily on sections 3000, subdivision (a)(1) and 1170, subdivision (c), as well as the language and analysis of *People v. Nuckles* (2013) 56 Cal.4th 601 (*Nuckles*), contend that a person on PRCS is a person who is still "currently serving" (and has not "completed" serving) his or her sentence for a conviction, and therefore that a petition for resentencing a person currently on PRCS is determined by the standards and procedure provided by section 1170.18, subdivision (a) et seq., rather than those provided by subdivision (f), et. seq.

We agree with the People's analysis. Section 3000, subdivision (a)(1), plainly states that "[a] *sentence* resulting in imprisonment in the state prison . . . shall include a period of parole supervision or postrelease community supervision" (italics added) and indeed, when imposing the initial sentence, the trial court must state its reasons for its "sentence choice" and must inform the defendant that "*as part of the sentence* after

9

expiration of the term he or she may be on parole for a period as provide in Section 3000." (§ 1170, subd. (c), italics added; *People v. London* (1988) 206 Cal.App.3d 896, 910.) Thus, the existing statutory scheme contemplated that a felony sentence of the type contemplated by section 1170.18 would encompass both the term of confinement and any residual term of parole or PRCS, and we presume the drafters of an initiative and the voters who enact it are aware of existing law. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283.) We therefore presume the voters, when enacting section 1170.18, subdivisions (a) and (f) as part of Proposition 47, understood that a "sentence" would include a period of parole or PRCS for purposes of those subdivisions.[4]

---

[4] We requested further briefing from the parties on the impact, if any, of the court's decision in *Morales, supra,* 63 Cal.4th 399, on the issue presented here. While the parties appear to agree *Morales* is not directly controlling, *Morales* does appear to have rested on an unstated predicate: that a person on PRCS *is* subjected to the standards and procedures of section 1170.18, subdivision (a), rather than the competing subdivision (f). Specifically, the *Morales* court determined a petitioner who was then on PRCS, but who petitioned for resentencing under section 1170.18, would *not* be entitled to so-called "*Sosa* credits" (*In re Sosa* (1980) 102 Cal.App.3d 1002) to reduce (or entirely eliminate) the one-year parole period following completion of his or her sentence which (unless waived by the court at resentencing) must be imposed under subdivision (d). (*Id.* at pp. 404-409.) The entire analysis of *Morales*, would, of course, be moot if a petition by a person on PRCS is governed by the standards and procedures under subdivision (f) (and not by subdivision (a)), because subdivision (d)'s parole period has no application to orders entered under subdivision (f); instead, subdivision (d)'s parole period, which was the *only* issue examined in *Morales*, applies *only* to resentencing orders entered under the standards and procedures provided by subdivision (a). Lewis's contrary argument—that a petition by a person on PRCS is governed by the standards and procedures under subdivision (f) for which *no* parole period would be part of any redesignation order— contains no reasoned effort to reconcile that claim with *Morales*, and instead appears to invite this court to sub silencio negate *Morales*, which we are not free to do. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

In addition, the analysis of *Nuckles, supra,* 56 Cal.4th 601, which cited the language in section 3000, subdivision (a)(1), in its analysis, convinces us that a person on parole or PRCS is still serving his sentence, albeit free from incarceration, within the meaning of section 1170.18[5] *Nuckles* recognized the term of imprisonment refers to the actual time served in prison before the release on parole, and that the term of imprisonment and parole are distinct phases under the legislative scheme. (*Nuckles*, at p. 608.) However, *Nuckles* explicitly recognized that, while "parole constitutes a distinct phase from the underlying prison sentence, a period of parole following a prison term has generally been acknowledged as a form of punishment. . . . Further, parole is a form of punishment accruing directly from the underlying conviction [and] . . . is a mandatory component of any prison sentence. . . . Thus a prison sentence 'contemplates a period of parole, which in that respect is related to the sentence.' " (*Nuckles*, at p. 609, quoting *In re Roberts* (2005) 36 Cal.4th 575, 590.) Thus *Nuckles* confirms that a person who is released from incarceration but is still serving his parole has not completed all mandatory components of his felony sentence.

Lewis raises numerous arguments for a contrary interpretation, but we are unpersuaded. For example, he argues the plain language of section 1170.18, subdivision

---

5    We acknowledge *Nuckles* is not controlling because the court there (1) evaluated a different issue (whether a person who assists a parolee in absconding from parole supervision has aided that felon to "avoid . . . punishment" within the meaning of section 32, see *Nuckles, supra,* 56 Cal.4th at p. 605), and (2) declined to decide whether the same analysis would apply to a felon who absconded while on PRCS (*id*. at p. 608, fn. 4.). However, the observations of *Nuckles* do provide some illumination for the issue we examine here.

(d), which specifies that "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year *following completion of his or her sentence*" (italics added), shows that parole (and its functional equivalent of PRCS) is something that occurs after the sentence is "completed" and is thus not part of the "sentence." However, statutes and cases have employed the term "sentence" in a variety of contexts, including where a person is subject to some form of judicially imposed sanction other than incarceration. (See, e.g., *People v. Davis* (2016) 246 Cal.App.4th 127, 139-140 and fn.'s 5 & 6 [citing authorities for conclusion "the term 'sentence' can be, and is, used to refer both to a term of confinement specifically and to criminal punishment generally"], review granted July 13, 2016, S234324[6].) Accordingly, use of the term "sentence" in section 1170.18, subdivision (d), provides no illumination on whether a person on PRCS has completed his "sentence" within the meaning of subdivisions (a) and (f).

Lewis also argues section 1170.18, subdivisions (b) and (o), show the considerations and procedures for a subdivision (a) application are only concerned with the *release* of persons who are currently incarcerated, and therefore asserts subdivision (a) was *not* intended to apply to a person who has already been released on parole or PRCS. However, interpreting sections 1170.18, subdivisions (a) and (f) to mean that a sentence is "complete" the moment an inmate is released on parole or PRCS, rendering

_____

6    Although review in *Davis*, *supra*, 246 Cal.App.4th 127 was granted, it was granted on a different issue and the grant of review did not include an order for depublication. (Cal. Rules of Court, Rule 8.1105(e)(1)(B).)

12

any resentencing subject only to the provisions of subdivision (f), would produce absurd results. Under Lewis' construction, a felon who had just commenced serving his period of parole or PRCS would be entitled to have that period of postrelease supervision immediately terminated: his or her felony would be immediately reduced to a misdemeanor (under the mandatory provisions of subdivision (f)) and, as a consequence of that order, he would be immediately released from any postrelease supervision regardless of their current dangerousness.[7] We decline to ascribe to the electorate an intention to allow a person who was released *subject* to supervision to immediately obtain an order under section 1170.18, subdivision (f), freeing them from *any* postrelease supervision, regardless of that person's current dangerousness. (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [court should " 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences' "].)

Although Lewis raises other claims in support of his construction that section 1170.18, subdivision (f), applies to every applicant *except* persons incarcerated in state

---

[7]    There would be no parole supervision because, when an application under section 1170.18, subdivision (f), is granted, the person would not be subject to parole under section 1170.18, subdivision (d), because subdivision (d)'s order is only applicable to orders entered under subdivision (a). Moreover, it appears PRCS would *also* be terminated by operation of law, because PRCS appears to be limited to persons who served a prison term for a felony (§ 3451, subd. (a)), and the redesignation order entered under section 1170.18, subdivision (f), by reclassifying the crime as a misdemeanor, would terminate PRCS jurisdiction by operation of law. (§ 3456, subd. (a)(4).)

13

prison at the time their application is ruled upon,[8] we remain convinced that the standards and procedures specified in section 1170.18, subdivision (f), have limited applicability: it is only available to those persons who have completed their entire sentence, including any period of postrelease supervision, whether through parole or through PRCS. For those who are *still* serving "[a] sentence resulting in imprisonment in the state prison . . . [which] shall include a period of parole supervision or postrelease community supervision" (§ 3000, subd. (a)(1)), the standards and procedures specified in section 1170.18, subdivision (a) apply, including the requirement (imposed under section 1170.18, subdivision (d)) that a successful petitioner serve a one-year period of parole unreduced by any *Sosa* credits. (*Morales, supra*, 63 Cal.4th at pp. 404-409.) Because the trial court correctly selected the standards applicable to Lewis' petition, and he raises no separate claim that the court's rejection of his second application was an abuse of discretion, we affirm the order.

---

[8] On December 31, 2015, Lewis filed a request that we take judicial notice of certain documents which he argues provide support for his interpretation of the intent of the statutory scheme. We deny the request for judicial notice.

14

DISPOSITION

The order is affirmed.

O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


PRAGER, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.