Filed 1/13/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>FRANKLIN BASTIDAS,<br><br>        Defendant and Appellant. | A146431<br><br>(Alameda County<br>Super. Ct. No. C172026A) |

Proposition 47, the Safe Neighborhoods and Schools Act, enacted in 2014, reduced certain offenses that could be charged as either felonies or misdemeanors to misdemeanors. And, in newly enacted Penal Code section 1170.18, subdivision (a),[1] the Proposition authorized persons "currently serving a sentence" for a felony conviction for such crimes to petition for resentencing. However, those resentenced individuals are still subject to a ban on possessing a firearm. (§ 1170.18, subd. (k).)

Prior to the enactment of Proposition 47, appellant Franklin Bastidas had entered a plea of no contest to a felony charge of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (b)), one of the offenses covered by Proposition 47. Imposition of sentence was suspended, and appellant was placed on felony probation for a period of five years. In 2015, the District Attorney petitioned for revocation of probation, and appellant requested that his conviction be reduced to a misdemeanor. To avoid the restriction on firearm possession, appellant argued he was not "currently serving a sentence" under section 1170.18, and he was entitled to the reduction of his conviction to a misdemeanor pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

---

[1] All undesignated statutory references are to the Penal Code.

1

*Estrada* held that, in the absence of contrary legislative intent, statutory amendments mitigating criminal punishment are to be applied retroactively. The trial court rejected appellant's contention but granted appellant's subsequent petition under section 1170.18, subdivision (a). The court reduced appellant's conviction to a misdemeanor and terminated probation.

On appeal, appellant contends he was entitled to resentencing under *Estrada* and should, therefore, be free from the prohibition on firearms possession. We agree with our colleagues in Division One who rejected the same contention in *People v. Davis* (2016) 246 Cal.App.4th 127, review granted July 13, 2016, S234324 (*Davis*). (See Cal. Rules of Court, Rule 8.1105(e)(1)(B).)[2]

## BACKGROUND

Appellant was charged by information with possession of cocaine base for sale (Health & Saf. Code, § 11351.5; count one) and possession of heroin for sale (Health & Saf. Code, § 11351; count two). In September 2013, pursuant to a plea bargain, appellant entered a plea of no contest to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (b)) as a lesser included offense to count two, and count one was dismissed. Imposition of sentence was suspended and appellant was placed on probation for five years.

In September 2015, the District Attorney filed a petition to revoke probation following appellant's arrest for possession of controlled substances and paraphernalia. Appellant requested that the trial court reduce the level of the underlying conviction from a felony to a misdemeanor pursuant to *Estrada*, *supra*, 63 Cal.2d 740, arguing that the resentencing provisions in section 1170.18 did not apply because he had not been sentenced to prison. The trial court denied the request.

---

[2] In granting review in *Davis, supra,* 246 Cal.App.4th 127, the California Supreme Court deferred further action pending its decision in *People v. DeHoyos*, review granted Sept. 30, 2015, S228230. The issue presented in *DeHoyos* involves the retroactivity of Proposition 47, but the case does not present the issue involved in *Davis* or the present case.

2

Subsequently, appellant petitioned for reduction of the felony conviction to a misdemeanor pursuant to section 1170.18. Above appellant's signature on the petition the following sentence appears: "By signing below, defendant acknowledges that s/he understands that s/he may not use, own or possess firearms, even if this Petition is granted." The trial court granted the petition and designated the conviction as a misdemeanor. Appellant admitted the probation violation and probation was terminated.

This appeal followed.

DISCUSSION

Appellant contends he was entitled to have his conviction reduced to a misdemeanor under *Estrada, supra,* 63 Cal.2d 740, which "established an exception to the general rule that no part of the Penal Code is retroactive." (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195, overruled on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) Under *Estrada,* "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Estrada*, at p. 748.) Appellant argues he was entitled under *Estrada* to retroactive application of Proposition 47 and, therefore, should not be prohibited from possessing firearms under section 1170.18, subdivision (k).

Appellant's argument turns on his claim that, because he was on probation with imposition of sentence suspended, he was not "serving a sentence" for purposes of section 1170.18, subdivision (a). Because we conclude persons on probation are "serving a sentence" for purposes of the statue, we affirm the trial court's order.

I.    *Proposition 47*

The voters enacted Proposition 47 on November 4, 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*Id.* at p. 1091.) As relevant here, Proposition 47 amended Health and Safety Code section 11350; previously, possession of the controlled substances referenced in subdivision (a) was a felony and possession of the controlled substances

3

referenced in subdivision (b) was a wobbler. (Health & Saf. Code, former § 11350, subds. (a), (b); see also *Rivera*, at p. 1092.) As amended by Proposition 47, a violation of Health and Safety Code section 11350 is now a misdemeanor, "unless the defendant 'has one or more prior convictions' for an offense specified in section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as ' "super strike" offenses'—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c)." (*Rivera*, at p. 1092.)

Proposition 47 also enacted a resentencing provision, codified at section 1170.18, which provides in subdivision (a): "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" the statutes amended or added by Proposition 47. If the petitioner meets the criteria in subdivision (a) of section 1170.18, the felony sentence "shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) A petitioner resentenced as a misdemeanant "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).)

Section 1170.18, subdivision (f) extends the benefits of Proposition 47 to persons who have completed their sentences. Thus, the statute states, "A person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Under section 1170.18, subdivision (g), upon

4

receipt of a qualifying application, a court is required to "designate the felony offense or offenses as a misdemeanor."

Section 1170.18, subdivision (j), requires that any petition or application under section 1170.18 be filed within three years, absent a showing of good cause.

As relevant to appellant's claim on appeal, Proposition 47 provides that the prohibition on firearm possession by felons continues to apply to persons benefitting from the enactment's resentencing and re-designation procedures. Thus, section 1170.18, subdivision (k) provides, "[a]ny felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[3]

According to Proposition 47's "Findings and Declarations," the purpose of the enactment was "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment. This act ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70 (Ballot Pamphlet).)[4]

---

[3] Section 29800, subdivision (a)(1) provides, "Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 23515, or who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony."

[4] We grant appellant's request for judicial notice of the Proposition 47 ballot pamphlet. (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 22, fn. 10.) We deny as unnecessary appellant's request for judicial notice of the Proposition 36 ballot pamphlet.

II.     Estrada *and Proposition 47*

Whether a criminal statute is to be applied retroactively is a matter of legislative intent.  (*People v. Brown* (2012) 54 Cal.4th 314, 319.)  "[T]he default rule," applied when the Legislature "has not made its intent on the matter clear" (*ibid.*) is found in section 3: "No part of [the Penal Code] is retroactive, unless expressly so declared."  As noted previously, *Estrada* created an exception to that rule in holding that a statutory amendment lessening a criminal punishment, enacted after a defendant's criminal act was committed but before the judgment became final, should be applied retroactively to mitigate his punishment, unless the Legislature has expressly indicated to the contrary through inclusion of a "saving clause."  (*Estrada*, *supra*, 63 Cal.2d at pp. 742, 744-745, 748; see also *People v. Conley* (2016) 63 Cal.4th 646, 662 (*Conley*), Werdegar, J., concurring ["A savings clause is a provision in which the lawmakers articulate how the amended law is to apply, if at all, to cases decided under the prior law."].)

The court in *People v. Shabazz* (2015) 237 Cal.App.4th 303 (*Shabazz*) considered how to apply *Estrada* in the Proposition 47 context.  There, a defendant's case was on appeal and the defendant asked the court of appeal to reduce his felony narcotics possession offenses to misdemeanors under Proposition 47, approved by the voters while his appeal was pending.  (*Shabazz*, at pp. 307, 310.)  The court held the defendant was required to seek that relief from the trial court "because the voters have expressly required he file an application in the trial court to reduce his felony convictions to misdemeanors."  (*Id.* at p. 307.)  The court reasoned the defendant was not entitled to relief under *Estrada* because voters intended that persons seeking the benefits of the enactment follow the procedures described in section 1170.18.  (*Id.* at pp. 313–314; accord *People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1257–1258; see also *People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 (*Yearwood*) [analogous provision in Proposition 36, which provides for resentencing in "three strikes" cases, was "the functional equivalent of a saving clause" and demonstrated voter intent that "a petition for recall of sentence [was] to be the sole remedy available under the Act" for defendants seeking the retroactive application of its amendments]; Couzens, et al., Sentencing

6

California Crimes (The Rutter Group 2016) § 25:1 ["the basic structure of Proposition 47 is strikingly similar to Proposition 36"].)

Appellant argues *Shabazz* was incorrectly decided because the decision failed to take into account section 1170.18, subdivision (m), which provides, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." He suggests retroactive relief under *Estrada* is one of the remedies preserved by that provision. However, because section 1170.18 reflects the voters' intent that persons seeking retroactive relief do so according to its provisions, there is no separate relief available under *Estrada*. In other words, relief under *Estrada* is not an otherwise available right or remedy because section 1170.18 itself specifies the conditions under which the Proposition 47 amendments may be retroactively applied. The California Supreme Court recently reached the same conclusion with respect to an identical provision in Proposition 36, reasoning there was "no indication that automatic resentencing" under *Estrada* "ranks among the 'rights' the electorate sought to preserve." (*Conley*, *supra*, 63 Cal.4th at p. 661; see also *Yearwood*, *supra*, 213 Cal.App.4th at p. 178 [concluding that Proposition 36 provision "does not have any impact in determining if amended sections . . . operate retroactively"].)

In any event, appellant contends that, even if *Shabazz* is correct with respect to requests for relief by imprisoned persons, the same reasoning does not apply to him because his situation is not encompassed by the language of section 1170.18. In particular, he contends that, as a person placed on probation with imposition of sentence suspended, he is not "[a] person currently serving a sentence for a conviction" within the meaning of section 1170.18, subdivision (a). He concludes that, because his situation is not encompassed within the procedures in section 1170.18, he is entitled to retroactive relief under *Estrada*. The import of appellant's claim is, if appellant is able to obtain re-designation of his offense outside the procedures in section 1170.18, then he can avoid the prohibition on firearm possession in section 1170.18, subdivision (k). (See *People v. Gilbreth* (2007) 156 Cal.App.4th 53, 55 [reversing a defendant's conviction for being a

7

felon in possession of a firearm where the predicate felony offense had been reduced to a misdemeanor].)

III.    *Interpretation of "Serving a Sentence" in Section 1170.18, Subdivision (a)*

As discussed above, section 1170.18, subdivision (a), permits "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies," who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense, to petition for a recall of sentence. Appellant argues he is not covered by subdivision (a) because he was not serving a term of imprisonment at the time he sought re-designation of his offense.

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.]' [Citation.] ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] 'In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' [Citation.] We also ' "refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] 'Using these extrinsic aids, we "select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1014 (*Cervantes*).) Proposition 47 directs that its provisions "shall be liberally construed to effectuate its purposes." (Ballot Pamphlet § 18, p. 74.)

A.    *"Serving a Sentence" is Ambiguous*

We conclude the phrase "serving a sentence" as used in section 1170.18, subdivision (a) is ambiguous.  In *People v. Garcia* (2016) 245 Cal.App.4th 555, the Sixth District was confronted with the same issue and concluded section 1170.18, subdivision (a) does not apply only to those serving a term of imprisonment.  There, as in the present case, the defendant was convicted of possession of a controlled substance and placed on felony probation with imposition of sentence suspended.  (*Garcia*, at p. 557.)  After passage of Proposition 47, the defendant filed a petition for resentencing under section 1170.18, subdivision (a), but the trial court denied the petition on the basis that the defendant was not serving a "sentence."  (*Garcia*, at p. 557.)  In reversing, the court of appeal impliedly found the word "sentence" is ambiguous, observing "granting probation is in some contexts a 'sentencing choice.' "  (*Ibid.*)  *Garcia* cited rule 4.405(6) of the California Rules of Court, which provides, " 'Sentence choice' means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial."  *Garcia* quoted *In re DeLong* (2001) 93 Cal.App.4th 562, 571, for the proposition that "an order granting probation and suspending imposition of sentence is a form of sentencing."  (Accord *People v. Tidwell* (2016) 246 Cal.App.4th 212, 218–219 (*Tidwell*).)  *Garcia* also quoted *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034, where the court used the phrase "sentence of probation" in reference to Proposition 36.  (See also *People v. Murillo* (2002) 102 Cal.App.4th 1414, 1418 [observing that Proposition 36 "requires mandatory sentences of probation for nonviolent drug possessors"]; *Sentencing California Crimes*, *supra*, at § 25:1 [noting similarity between Propositions 36 and 47].)[5]

---

[5] In *People v. Lewis* (2016) 4 Cal.App.5th 1085, the court held a person serving a period of post-release community supervision-an alternative to parole for a felon released from prison-was "serving a sentence" within the meaning of section 1170.18.  We also observe that the California Supreme Court has on a number of occasions used the phrase "sentence of probation" in its opinions.  (See, e.g., *People v. Moran* (2016) 1 Cal.5th 398, 401; *People v. Lightsey* (2012) 54 Cal.4th 668, 677; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 210.)

9

In *Davis*, *supra*, 246 Cal.App.4th 127, review granted, Division One of this court concluded "sentence" as used in section 1170.18 can reasonably be understood to refer both to, as appellant argues, a term of confinement, or "more generally" to a "criminal sanction, whether by probation, prison term, or otherwise." (*Davis*, at p. 139.) Under the broader construction of the term, the phrase "serving a sentence" in section 1170.18 "can be interpreted to mean, in effect, 'currently subject to judicially imposed sanction' as a result of a felony conviction." (*Davis*, at p. 139.)

In a different statutory context, the Sixth District also recently impliedly concluded the word "sentence" is ambiguous. In *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, the court applied section 2900.5, regarding credit awards for time in custody. The court interpreted language in section 2900.5, subdivision (b) that, "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." The court considered whether the "word 'sentence' . . . included a jail term imposed as a condition of probation." (*Santa Ana*, at p. 1142.) The defendant in that case argued not, contending the word encompassed only "imposition of punishment on the offenses of conviction." (*Id.* at pp. 1142–1143.) The *Santa Ana* court observed that "the word 'sentence' is sometimes used in regard to a grant of probation or the imposition of a jail term as a condition of probation." (*Id.* at p. 1143.) Ultimately, the court concluded the purposes of the statute supported construing "sentence" as used in section 2900.5, subdivision (b), to include a jail term imposed as part of a grant of probation. (*Id.* at p. 1142.)

In arguing he was not "serving a sentence" within the meaning of section 1170.18, subdivision (a), appellant first emphasizes that probation is defined as *not* involving the imposition and/or execution of a "sentence." (§ 1203, subd. (a) [defining "probation" as "the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer."]) Appellant then emphasizes various other words, phrases, and provisions in section 1170.18 that make most sense as applied to persons sentenced to prison. For example, section 1170.18, subdivision (a) directs that the petition should be filed "before the trial

10

court that entered the judgment of conviction." Appellant points out that an order imposing probation is generally not considered a judgment. (*People v. Howard* (1997) 16 Cal.4th 1081, 1092 ["Probation is neither 'punishment' (see § 15) nor a criminal 'judgment' (see § 1445)"].) Appellant also focuses on the reference in section 1170.18, subdivision (a) to "recall of sentence." He argues it is unnecessary to "recall" an order of probation because the court retains continuing jurisdiction over a probationer. (Compare *Howard*, at p. 1089 ["generally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun"] and *People v. Feyrer* (2010) 48 Cal.4th 426, 440 ["the probation statutes confer upon the trial court jurisdiction and authority over a defendant during the term of probation"].) Appellant also points out that section 1170.18 is located in a portion of the Penal Code (pt. 2, tit. 7, ch. 4.5) devoted to procedures for fixing prison sentences. Finally, appellant emphasizes section 1170.18, subdivision (d), which mandates that a resentenced person "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." Appellant points out that parole is intended to aid the transition of persons from imprisonment, not following a period of probation. (See § 3000, subd. (a)(1) [declaring regarding parole that "the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship"].)[6]

Appellant's statutory interpretation arguments are thoughtful and substantial. However, they do not compel a conclusion that a person placed on probation with imposition of sentence suspended is not "serving a sentence" within the meaning of section 1170.18, subdivision (a). We agree with *Santa Ana's* general observation that the word "sentence" does not have a "universal meaning in all contexts" (*Santa Ana*, *supra*, 247 Cal.App.4th at p. 1143), and we agree with the more specific conclusions of the *Garcia* and *Davis* decisions that "sentence" is ambiguous as used in section 1170.18,

_____

[6] Appellant makes several other arguments in support of his interpretation of section 1170.18, but it is unnecessary to catalog every argument appellant puts forth, because none of the omitted arguments are more persuasive than those summarized herein.

11

subdivision (a).  Appellant's arguments support his interpretation of the statutory language, but the lingering ambiguity in the phrase "serving a sentence" requires this court to also consider, in determining the voters' intent, " ' "the analyses and arguments contained in the official ballot pamphlet" ' " and " 'the ostensible objects to be achieved' " by Proposition 47.  (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1014.)

B.      *The Ballot Materials and Purposes of the Enactment Support Construing "Serving a Sentence" to Encompass Probationers*

As it happens, the Proposition 47 ballot analysis provides powerful support for a conclusion that voters intended that probationers follow the section 1170.18 procedures.  The Attorney General's brief summary of Proposition 47 in the Voter Information Guide does not provide any guidance, stating on the topic only that the proposition "[r]equires resentencing for persons serving felony sentences for [covered] offenses unless [the] court finds [an] unreasonable public safety risk."  (Ballot Pamphlet, § 2, p. 34.)  The Legislative Analyst's more detailed analysis is, on the other hand, very helpful.  The analysis begins with a "Background" section that explains the difference between felonies, misdemeanors, and infractions.  (*Ibid.*)  Next, still within the "Background" and on the first page of the ballot materials for the proposition, there is a heading entitled "Felony Sentencing" that identifies "State Prison" and "County Jail and Community Supervision" as the two ways "[o]ffenders convicted of felonies can be *sentenced*." (*Ibid.,* italics added; see also *Garcia*, *supra*, 245 Cal.App.4th at p. 558 [relying on same language].)  Under the subheading for "County Jail and Community Supervision," also still on the first page, the analysis states, "Felony offenders who have no current or prior convictions for serious, violent, or sex offenses are typically *sentenced to* county jail or the supervision of a county probation officer in the community, or both.  In addition, depending on the discretion of the judge and what crime was committed, some offenders who have current or prior convictions for serious, violent, or sex offenses can receive similar *sentences*."  (Ballot Pamphlet, § 2, p. 34, italics added.)

Other portions of the ballot analysis also suggest that imposition of probation constitutes a sentence under Proposition 47.  The analysis states that misdemeanor

12

offenders "may be sentenced to county jail, county community supervision, a fine, or some combination of the three." (Ballot Pamphlet, §2, p. 34–35.) The analysis states that under Proposition 47 "the length of sentences—jail time and/or community supervision—would be less." (*Id.* at p. 36.) In discussing the fiscal effects of the proposition, the analysis states, "it is uncertain whether such offenders would be sentenced to jail or community supervision and for how long." (*Ibid.*) The analysis also predicts a reduction in "county community supervision populations . . . because offenders would likely spend less time under such supervision if they were sentenced for a misdemeanor instead of a felony. Thus, county probation departments could experience a reduction in their caseloads." (*Id.* at p. 37.)

Accordingly, although portions of section 1170.18, subdivision (a) contain language most suited to persons serving a prison term, the Proposition 47 ballot materials leave little doubt the voters understood that both prison terms and probation (usually referred to as "community supervision") were possible "sentences" for the offenses within the scope of the proposition.

This conclusion is also consistent with the objectives of the enactment. (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1014 [courts " ' "select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' "].) Section 1170.18, subdivision (k) retains the firearm prohibition for those sentenced before the proposition's enactment. Including persons sentenced to probation within the scope of section 1170.18 serves the apparent purpose of preserving the expectations of the parties at the time of conviction regarding the applicability of the firearm restriction. A clear logical distinction can be made between persons who have already suffered felony convictions for crimes declared to be misdemeanors by the enactment, and persons convicted of the subject offenses after the enactment's effective date. With respect to the latter group, prosecutors are aware at the time charging decisions are made or plea bargains are reached that the defendants are pleading to misdemeanors and will not be

13

subject to the consequences that flow from a felony conviction, such as the prohibition on possessing a firearm. On the other hand, with respect to the former group, at the time charging decisions were made or plea bargains were reached prosecutors believed the defendants *would* be subject to the consequences that flow from a felony conviction. Appellant identifies no compelling reason why it would be logical to exempt defendants sentenced to probation from the firearm possession restriction, given the possibility that prosecutors might have made different charging or plea bargaining decisions had they known the defendants would not be subject to a felony conviction. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333–1334 [in construing Proposition 36, considering prosecutor's pre-enactment incentives with respect to charging decisions].)[7]

Moreover, appellant's construction excluding probationers from the scope of the section 1170.18 procedures might lead to the absurd result of making persons placed on probation who completed their sentences worse off than persons who completed prison sentences. That is because section 1170.18 provides that persons who have completed felony "sentence[s]" for offenses that would now be misdemeanors under Proposition 47 "may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) That appears to be broader relief than available under *Estrada*, because the retroactivity under that decision does not extend to persons subject to final judgments—persons who have completed their sentences and exhausted any appeals. (See *People v. Vieira* (2005) 35 Cal.4th 264, 305–306; see also *Estrada*, *supra*, 63 Cal.2d at p. 745 ["The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."].)[8]

---

[7] The California Supreme Court recently held the People are not entitled to have a plea agreement set aside if a defendant seeks to have a sentence recalled under Proposition 47. (*Harris v. Superior Court* (2016) 1 Cal.5th 984.)

[8] *Davis* also viewed section 1170.18 as giving "a broader retroactive application to the amendments of Proposition 47 than would have been required by *Estrada*." *Davis* reasoned, "*Estrada* limits the retroactive application of mitigating amendments to

14

Thus, under appellant's interpretation of "sentence" as used in section 1170.18, a person currently on probation could obtain relief under *Estrada*, but a person who *successfully completed* a term of probation could not have his conviction designated a misdemeanor under section 1170.18 or, it appears, *Estrada*. It would be illogical to conclude the electorate intended to enact a scheme under which persons sentenced to prison could have their convictions designated as misdemeanors under 1170.18 (either while still in prison or following completion of a prison sentence) and persons currently on probation could have their convictions reduced under *Estrada*, but persons who completed a term of probation would be excluded from the benefits of Proposition 47. Appellant suggests no reason why the voters would have intended to leave that group without a remedy. (See *Sentencing California Crimes*, *supra*, at § 25:13 ["it would be anomalous for the enactors to intend to benefit persons who complete a prison term, but not a defendant who successfully completes the requirements of probation"]; see also *Tidwell*, *supra*, 246 Cal.App.4th at p. 219 [stated purposes of Proposition 47 support permitting probationers who successfully completed probation and obtained a dismissal under section 1203.4 to petition for re-designation under section 1170.18].) As observed in *Davis*, "Because probationers are more likely to be nonviolent offenders and have a limited criminal history, they are ostensibly more 'worthy' of reduction in their crimes and sentences than persons sentenced to a prison term, at least as a general matter." (*Davis*, *supra*, 246 Cal.App.4th at p. 142, review granted.)

In arguing his construction does not leave former probationers without a remedy, appellant suggests such a person *can* obtain relief under *Estrada* because "an order granting probation is not deemed a judgment that can become final for purposes of the

---

defendants whose convictions have not become final—that is, to defendants who still have appellate options. [Citations.] Section 1170.18, subdivision (f) permits all eligible persons who have served a sentence for a felony to apply for redesignation of their conviction as a misdemeanor, without regard to the finality of the conviction." (*Davis*, *supra*, 246 Cal.App.4th at p. 142, fn. 8, review granted.)

rule."[9]  He relies on the general propositions that an order granting probation is not considered a "judgment" for most purposes (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796) and that "the expiration of a probationary period does not terminate a court's fundamental jurisdiction" (*People v. Ford* (2015) 61 Cal.4th 282, 287).  However, in the cases appellant cites for the proposition that relief under *Estrada* can be provided after the expiration of a term of probation, the amendments took effect and the requests for relief occurred *during* the terms of probation.  (*People v. Eagle* (2016) 246 Cal.App.4th 275, 278–279; *In re May* (1976) 62 Cal.App.3d 165, 167–169.)  Appellant does not cite and this court is not aware of any cases granting relief under *Estrada* to a person who has completed a term of probation before a statutory amendment reducing the penalty.  It appears that, under appellant's view, a criminal proceeding resulting in a successfully completed term of probation is *never* final for purposes of *Estrada*, and the former probationer could seek retroactive application of an amendment under *Estrada* at any time, even if an amendment occurs decades later.  But appellant does not explain why the reasoning of *Estrada* justifies that result.[10]  In any event, given the lack of clarity whether a former probationer may obtain relief under *Estrada*, we cannot assume the electorate relied on the availability of that relief and, therefore, intended to exclude

---

[9] This court requested the parties to address in supplemental briefing the question "whether, if this court were to accept appellant's interpretation of [] section 1170.18, a person who successfully completed a term of probation would be able to have his felony conviction reduced to a misdemeanor, either under [*Estrada*, *supra*, 63 Cal.2d 740] or under [] section 1170.18, subdivision (f)."

[10] *Estrada* reasoned that, "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)  It is not clear whether that reasoning would justify retroactive application of an amendment where the person seeking relief completed a term of probation many years earlier and where the same relief would not be available to persons who completed prison sentences many years earlier (given that appellant does not dispute prison sentences result in final judgments).

16

probationers from the section 1170.18 re-designation procedures.  That is, given that the voters must have intended that persons placed on probation would benefit from re-designation of offenses under Proposition 47, it is illogical to conclude the voters would have relied on *uncertain* relief under *Estrada* to provide those benefits to persons who have successfully completed a term of probation.

"Liberally construing" Proposition 47 "to effectuate its purposes" (Prop. 47, § 18, approved Nov. 4, 2014, eff. Nov. 5, 2014), we find appellant within the class of persons covered by section 1170.18, subdivision (a).  (See *Davis*, *supra*, 246 Cal.App.4th at p. 143, review granted [reaching same conclusion]; see also *People v. Curry* (2016) 1 Cal.App.5th 1073, 1079–1080, 1082, fn. 9, review granted Nov. 9, 2016, S237037; *Garcia*, *supra*, 245 Cal.App.4th at p. 559; *Tidwell*, *supra*, 246 Cal.App.4th at pp. 218-219 [same holding as to former probationers].)

DISPOSITION

The trial court's order is affirmed.

17

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A146431)

Superior Court of Alameda County, No. C172026A, Hon. Paul Delucchi, Judge.

Brendon D. Woods, State Public Defender, and Michael S. McCormick, Assistant Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Michael P. Rhoads, and Amit Kurlekar, Deputy Attorneys General, for Plaintiff and Respondent.