Filed 4/24/25  P. v. Van CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084948 |
| v. | (Super.Ct.No. RIF101294) |
| TOAN QUOC VAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gail A. O'Rane, Judge.

Affirmed.

Toan Quoc Van, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Toan Quoc Van filed a motion for resentencing pursuant to Senate Bill No. 1393 and Penal Code sections 1170.126[1] and 1170.18, in which he

---

[1]  All further statutory references are to the Penal Code.

1

requested the court strike or dismiss his prior strike convictions. The court denied the motion pursuant to section 1172.1, subdivision (c).[2]

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising one potentially arguable issue: whether the court erred in denying defendant's petition pursuant to section 1172.1, subdivision (c).

We offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant raises several challenges to his conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2005, a jury convicted defendant and appellant, Toan Quoc Van, of conspiracy to commit residential robbery (§§ 182, subd. (a)(1), 213, subd. (a)(1)(A), count 1); conspiracy to commit attempted residential robbery (§§ 211, 213, subd. (a)(1)(A), 664, count 2); attempted residential burglary (§§ 459, 664, count 3); attempted, premeditated murder of a police officer (§§ 187, subd. (a), 664, subd. (e), count 4); possession of a firearm by a felon (§ 12021, subd. (a)(1), count 6), and resisting an officer by force or violence (§ 69, count 8). (*People v. Van* (July 23, 2007, E037955)

---

[2] The court filed the motion as a "letter from defendant" and ruled on the motion as "correspondence from" defendant.

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[nonpub. opn.] (*Van I*); *People v. Van.* (Dec. 23, 2009, E048243) [nonpub. opn.] (*Van II*).)

The jury also found true allegations that defendant committed the crimes in counts 1 through 4 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), that a principal was armed in counts 1 through 3 (§ 12022, subd. (a)(1)), that a principal used a firearm and inflicted great bodily injury with respect to the attempted murder of a police officer (§ 12022.53, subds. (d) & (e)(1)), and that defendant used a firearm when he resisted an officer by force or violence in count 8 (§ 12022.5, subd. (a)).  Two prior strike allegations (§§ 667, subds. (c) & (e), 1192.7, subd. (c)(8)), two prior prison term allegations (§ 667.5, subd. (b)), and a prior serious felony conviction allegation (§ 667, subd. (a)) were additionally found true.  The court sentenced defendant to 140 years to life plus 17 years.  (*Van I*, *supra*, E037955.)

Defendant appealed.  On appeal, defendant contended the trial court erred in refusing to disclose complaints made against two police officers; that the 10-year gang enhancement attached to the attempted murder of a police officer offense should be stricken, rather than stayed; that there was insufficient evidence to show that defendant's attempted murder of a police officer was committed as part of a gang; that insufficient evidence supported all the gang enhancements; that insufficient evidence supported the finding that defendant harbored a premeditated intent to kill when he shot at the officer; and that the trial court erred in not instructing the jury on voluntary manslaughter.  (*Van I*, *supra*, E037955.)

3

This court conditionally reversed the judgment and remanded the matter to the trial court with directions to hold a new hearing to determine if there were discoverable records of complaints made against two officers. This court additionally modified the judgment by striking the determinate 10-year gang enhancement imposed on count 4 (attempted murder), struck the 15-year gang enhancement imposed on count 2 (conspiracy to commit attempted residential robbery), and directed the trial court to resentence defendant as necessary. (*Van I*, *supra*, E037955; *Van II, supra*, E048243.)

On remand, the trial court found no discoverable records. The court resentenced defendant to 140 years to life, plus seven years.[4] (*Van II, supra*, E048243.)

Defendant appealed. This court affirmed the judgment. (*Van II, supra*, E048243.)

On October 4, 2024, defendant filed a motion for resentencing pursuant to Senate Bill No. 1393 and sections 1170.126 and 1170.18. The court denied the request pursuant to section 1172.1, subdivision (c).

## II. DISCUSSION

Defendant raises a number of issues pertaining to the admissibility and sufficiency of the evidence admitted against him at trial: "the Judgement is erron[e]ous as a matter of law and is based on a jury verdict tainted by speculative opinions, an invalid theory of conviction, misinformation and improperly withheld evidence[] from defense." Defendant complains about the court's jury instructions.

---

[4] On December 1, 2023, the court struck the prior prison terms and resentenced defendant to 140 years to life plus 5 years.

However, none of the statutory bases raised by defendant in his motion afford him "a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal."].) This is particularly true where, as here, defendant challenged the admissibility and sufficiency of the evidence adduced against him at trial in his appeals from the judgment. This court rejected those challenges more than 15 years ago. (*Van I, supra,* E037955; *Van II, supra*, E048243.)

With respect to the court's ruling on defendant's motion, the court erred in denying defendant's motion pursuant to section 1172.1, subdivision (c), which provides that a court considering a motion brought by a defendant under its auspices is not required to respond. However, defendant did not bring his motion pursuant to section 1172.1. Defendant brought his motion pursuant to Senate Bill No. 1393 and sections 1170.126 and 1170.18.

Nonetheless, """"we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct."""" (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.)

"Senate Bill [No.] 1393 amend[ed] sections 667[, subdivision] (a) and 1385, subdivision (b) . . . effective January 1, 2019, to give courts discretion to dismiss or strike a prior serious felony conviction for sentencing purposes." (*People v. Garcia* (2018) 28

5

Cal.App.5th 961, 965.) "[T]he Legislature intended Senate Bill [No.] 1393 to apply to all cases to which it could constitutionally be applied, that is, to all cases not yet final when Senate Bill [No.] 1393 [became] effective on January 1, 2019. [Citations.]" (*Id*. at p. 973.)

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

"Proposition 47, . . . , enacted in 2014, reduced certain offenses that could be charged as either felonies or misdemeanors to misdemeanors. And, in newly enacted Penal Code section 1170.18, former subdivision (a), the Proposition authorized persons 'currently serving a sentence' for a felony conviction for such crimes to petition for resentencing." (*People v. Bastidas* (2017) 7 Cal.App.5th 591, 593, fn. omitted.)

Defendant is not entitled to relief pursuant to Senate Bill No. 1393 because defendant's judgment was long since final prior to its enactment in 2019. Defendant is

6

not entitled to relief pursuant to section 1170.126 because the offenses for which the trial court sentenced defendant to life imprisonment were all qualifying serious or violent felonies.  (§§ 667, 1192.7, subds. (c)(19) [robbery], (c)(9) [attempted murder], (c)(8) ["any felony in which the defendant personally uses a firearm"], (c)(40) ["any violation of Section 12022.53"], 667.5, subds. (c)(9) [robbery], (c)(22) ["Any violation of Section 12022.53."].)  Finally, defendant is not entitled to reduction of any of his offenses to misdemeanors pursuant to section 1170.18 because none of his offenses qualify. (§ 1170.18, subd. (a).)  Thus, regardless of whether the court erred in its basis for the denial, the denial was legally correct.

## III.  DISPOSITION

The order denying defendant's motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

7