Filed 5/17/23  P. v. Melger CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JOSEPH MELGER,<br><br>     Defendant and Appellant. | C097150<br><br>(Super. Ct. No. 62-185346) |

Defendant Thomas Joseph Melger appeals from an order dismissing a petition to revoke his postrelease community supervision and terminating that supervision. Defendant's appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  However, defendant is not entitled to *Wende* review in this case because this "is not a direct appeal from a judgment of conviction."  (*People v. Freeman* (2021) 61 Cal.App.5th 126, 133 [appeal from order revoking and reinstating postrelease community supervision not subject to *Wende* review].)  More importantly, even if we

1

were inclined to engage in discretionary *Wende* review, we cannot do so because this appeal is from a nonappealable order. We must therefore dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of defendant's underlying convictions did not make their way into the appellate record, nor are they relevant for our purposes. It will suffice to note that in June 2021, defendant was convicted of one count of burglary and was sentenced to serve two years eight months in prison. In February 2022, defendant was released on postrelease community supervision, subject to various terms and conditions, including the requirement that he obey all laws.

In May 2022, the Placer County Probation Department filed a petition for revocation of defendant's postrelease community supervision. The operative petition alleged that defendant failed to obey all laws when he, on one occasion, falsely identified himself to a peace officer, and on another occasion, committed two felony offenses: assault with a deadly weapon and vandalism of property valued at $400 or more. The petition recommended that a bench warrant issue for defendant's arrest and that defendant be ordered to serve a disciplinary sentence of 180 days in jail.

The aforementioned felony offenses were committed in Sacramento County. Defendant was arrested on those charges and was ultimately convicted and sentenced to serve five years four months in prison.

In the meantime, the trial court in this case issued the requested bench warrant. The following month, apparently after defendant was sentenced in the Sacramento County matter, defendant filed a request for the following disposition with respect to the revocation petition: Defendant would admit each alleged failure to obey the law so long as the bench warrant was recalled, defendant's misdemeanor case for falsely identifying himself to a peace officer was dismissed, the allegation that he committed the crime of assault with a deadly weapon was amended to allege that he committed a nonstrike assault by means of force likely to produce great bodily injury, and the 180-day

2

disciplinary sentence be ordered to run concurrently with defendant's prison term. The stated reason for these requests was, as defendant put it, "I wish everything to be clear when it comes to warrants and things I need to do so when I am done with my prison term I don't have to go to the County of Placer any longer . . . ." (Capitalization omitted.)

A hearing on the postrelease community supervision revocation petition was held in September 2022. The prosecution moved to dismiss both the postrelease community supervision revocation petition and the aforementioned misdemeanor case "in the interest of justice based on his -- the sentence he is currently serving in the Department of Corrections [and Rehabilitation]." Without objection, the trial court dismissed both matters, recalled the bench warrant, and indicated that defendant's placement on postrelease community supervision "terminated unsuccessfully."

Defendant appeals.

DISCUSSION

This appeal from a nonappealable order must be dismissed. Defendant's notice of appeal cites Penal Code[1] sections 1237, subdivision (b) and 3455, subdivision (a) as authority for his right to bring this appeal.

Section 1237, subdivision (b) provides that an appeal may be taken by the defendant "[f]rom any order made after judgment, affecting the substantial rights of the party." Section 3455 sets forth the procedure for revoking, modifying, or terminating postrelease community supervision. Appeals have been successfully taken from orders revoking and/or reinstating postrelease community supervision while requiring the defendant to serve jail time for violation of the terms and conditions of supervision. (See, e.g., *People v. Byron* (2016) 246 Cal.App.4th 1009, 1012; *People v. Freeman*, *supra*,

---

[1]     Further undesignated statutory references are to the Penal Code.

3

61 Cal.App.5th at p. 131.) Such postjudgment orders affect a defendant's substantial rights.

Here, defendant's notice of appeal states he is appealing from the trial court's decision on his request "for the 180 days to run concurrent from the time the detainer was placed by [the Department of Corrections and Rehabilitation] on July 21, 2022 [section] 3455 [postrelease community supervision] violation." (Capitalization omitted.) We read this to mean he is challenging the decision not to run his 180-day disciplinary sentence concurrently with his prison term. However, the court imposed no such sentence. Instead, at the prosecution's request, the court dismissed the revocation petition in the interest of justice due to the fact that defendant would be serving five years four months in prison for two of the offenses underlying the petition. The court also recalled the bench warrant, as defendant requested.

While the trial court additionally noted that defendant's placement on postrelease community supervision "terminated unsuccessfully," the termination occurred by operation of law when defendant was sent to prison in the Sacramento County matter. This is because only "persons released from prison" are eligible for postrelease community supervision. (§ 3451, subd. (a).) And just as "[t]he Department of Corrections and Rehabilitation shall have no jurisdiction over any person who is under postrelease community supervision" (§ 3457), the supervising agency also loses jurisdiction over the supervised person when that person is sent to prison. Thus, while the court could not have terminated defendant's postrelease community supervision "upon a petition to revoke and terminate . . . by the supervising county agency" (§ 3456, subd. (a)(6)) because that revocation petition was dismissed by the court, postrelease community supervision also terminates when "[j]urisdiction over the person has been terminated by operation of law" (§ 3456, subd. (a)(4)). That is the case here. (See, e.g., *People v. Lewis* (2016) 4 Cal.App.5th 1085, 1096, fn. 7 [noting the defendant's postrelease community supervision "terminated by operation of law" because such

4

supervision is "limited to persons who served a prison term for a felony," and the defendant's felony conviction was reclassified as a misdemeanor].) And finally, terminating defendant's postrelease community supervision could not have affected his substantial rights because it effectively gives him what he asked the court for in his request for disposition, specifically that he not "have to go to the County of Placer any longer" (capitalization omitted) once he has served his prison term in the Sacramento County matter.

We conclude the postjudgment order dismissing the postrelease community supervision revocation petition and terminating defendant's postrelease community supervision is not appealable because it cannot be said to have affected his substantial rights.

# DISPOSITION

The appeal is dismissed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
RENNER, J.